slightly descending grade. The defendant claims that the evidence shows that it could have been stopped instantly, and some of the plaintiff's evidence was that it could not be stopped in less than 15 feet. There was also much conflict in the evidence on the question whether or not any warning of the approach of the train to the crossing was given.

The argument by the defendant's counsel that plaintiff's intestate could have seen the approaching train if he had looked between the bank and the depot is based upon inferences drawn from the evidence most favorable to the defendant as to the speed of the train and of the team, and contrary to the rule above mentioned. If calculations as to such speed are based upon inferences from the evidence most favorable to the plaintiff, the jury might have found that the train was not in sight when plaintiff's intestate was where he could look at the tracks between the bank and the depot, and that when he reached a point where he could see the train on the other side of the depot his horses were already on the track, and the train nearly upon him, or that he was unable to stop them or back them off the track in time to prevent collision with the engine.

Upon the evidence we cannot say that the contributory negligence of the deceased was conclusively established, nor that the evidence left nothing, either of inference or of fact, in doubt, or to be settled by a jury. The question of contributory negligence, therefore, as well as of defendant's negligence, should have been submitted to the jury. Massoth v. D. & H. C. Co., 64 N. Y. 524.

The order setting aside the nonsuit and granting a new trial was proper, and should be affirmed, with costs. All concur, except CHASE and HOUGHTON, JJ., dissenting.

---

(105 App. Div. 193.)

### FIRST NAT. BANK OF TOWANDA v. ROBINSON.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. MORTGAGE—FORECLOSURE—ANSWER—WANT OF CONSIDERATION.
   An allegation in an answer in a suit to foreclose a mortgage that there never was any valuable or other legal consideration for the execution or delivery of the mortgage is the allegation of a fact and not a conclusion.
   [Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 14.]

2. SAME—MORTGAGE—CONSIDERATION—FINDING—EVIDENCE—SUFFICIENCY.
   In an action to foreclose a mortgage and enforce a bond purporting to be secured thereby, evidence *held* to sustain a finding that the execution and delivery of the bond and mortgage by defendant were without consideration.

3. SAME—KNOWLEDGE OF MORTGAGEE OF INVALIDITY—EFFECT.
   Where a bond and mortgage on trust property were received with knowledge on the part of the mortgagee named therein that there was no consideration therefor, the mortgagee can get no advantage from them, and takes them subject to the right of the trustee to have their invalidity declared and to reclaim possession of them.

Appeal from Special Term, Chemung County.

Action by the First National Bank of Towanda against Emma A. Robinson, as trustee for Lucius and Emma D. Robinson. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-TER, and HOUGHTON, JJ.

Gibson & Stagg, for appellant.
Alexander C. Eustace, for respondent.

CHESTER, J. The action is one brought to foreclose a mortgage made by the defendant Emma A. Robinson, as trustee, to the plaintiff, for $5,000. The defense is that there was never any valuable or other legal consideration for the execution or delivery of the bond and mortgage to the plaintiff; that the defendant in such execution and delivery acted as trustee under a certain instrument creating her the trustee for her children Lucius Robinson and Emma D. Robinson; and that the plaintiff had knowledge of the terms and conditions of said instrument at the time of the execution and delivery of such bond and mortgage. The mortgage covers premises held by the defendant as trustee under such instrument, which authorizes her "to sell, mortgage, or lease said premises * * * for the use and benefit of her said children." The condition of the bond was that the defendant should pay to the plaintiff the sum of $5,000 in one year from the date, with interest at 6 per cent., payable semiannually, "with the privilege of paying the whole sum hereby secured at any time, and the right to a discharge and satisfaction of the mortgage accompanying this bond at any time upon delivery of the securities mentioned in a contract between N. N. Betts, cashier of said party of the second part, and said Emma A. Robinson, as trustee, then the above obligation to be void, otherwise to remain in full force and virtue." The contract mentioned in this condition was executed on the same day, or the day before, the certificate of deposit hereinafter mentioned was issued, which contract contains the following recital: "This is to certify that the First National Bank of Towanda, Pa., has received this day for deposit in its bank five thousand ($5,000) dollars of Emma A. Robinson, as trustee, to be held by the said bank on certificate of deposit, until the said Emma A. Robinson, as trustee, shall execute and deliver to the said bank a mortgage and bond for five thousand ($5,000) dollars" upon certain property therein described. Then followed the issue of said certificate of deposit. It was held, however, by the plaintiff until the 4th day of August, 1903, upon which day one William Little, acting as attorney for the plaintiff, delivered it to the defendant, and took from her a receipt therefor, reciting therein:

"A bond and mortgage being this day executed and delivered to said bank by me upon consideration of said certificate of deposit, this certificate of deposit being the same as mentioned in the contract or memorandum of agreement made with N. N. Betts, cashier, and myself as trustee, and referred to in the mortgage herein."

This reference to the mortgage apparently relates to a like clause therein as the one above mentioned as contained in the condition of the bond. It appears that on May 1, 1903, the defendant, as such trustee, executed a series of 10 bonds of $2,500 each and a mortgage for $25,000 to Nathaniel N. Betts, as trustee, to secure the payment

of said bonds. This $25,000 mortgage covered the same property as the mortgage sought to be foreclosed in this action. Said Nathaniel N. Betts is the same person who was cashier of the plaintiff. One William Little was the attorney for the plaintiff, and also represented Betts and the plaintiff in the transactions in question. The consideration for the $25,000 mortgage was contained in a certain draft for that amount, which was handed by Betts, as trustee, to the defendant, on May 8, 1903, when said bonds and mortgage were delivered to him by the defendant, there being present at the time the defendant's husband, as well as Mr. Betts and Mr. Little, his attorney. The defendant indorsed said draft, and handed the same back to Betts or Little, who took it thus indorsed, and went out to a neighboring bank, and procured it to be cashed. They returned in a few minutes, and delivered to the defendant a draft for $10,000 and $7,500 in cash, taking from her a receipt for the full $25,000, the consideration expressed in the mortgage. The balance of the $25,000, viz., $7,500, in currency, was taken by Mr. Betts and Mr. Little to Towanda, and the next day—May 9, 1903— the plaintiff issued to the defendant the certificate of deposit above mentioned, which was signed by N. N. Betts, cashier, stating that "Emma A. Robinson has deposited in this bank five thousand ($5,000) dollars, payable to herself in current funds on return of this certificate, with interest at the rate of two per centum per annum if left six months." The balance of said $25,000, viz., $2,500, was paid to Mr. Little for a balance due upon an indebtedness. This certificate of deposit was not delivered to the defendant, but, as above stated, was retained by and remained in the possession of the plaintiff until August 4, 1903. On that day the bond and mortgage sought to be foreclosed in this action for $5,000 were executed, and delivered by the defendant, as trustee, to the plaintiff. In exchange for this bond and mortgage the plaintiff delivered to the defendant the certificate of deposit for $5,000 issued to her. She received no other consideration of any kind for the bond and mortgage. Prior to August 4, 1903, defendant, as trustee, owed the plaintiff nothing. There is no dispute but that the plaintiff, its cashier, Mr. Betts, and Mr. Little, their attorney, all knew that the property covered by the $5,000 mortgage was held by the defendant in trust for the benefit of her children, and that there was no other consideration for the mortgage than the certificate of deposit above mentioned. The court, on the trial, dismissed the complaint, directed the cancellation of the $5,000 mortgage of record, and directed the surrender thereof and of the bond accompanying it to the defendant. From this judgment the plaintiff has appealed.

The $5,000 mortgage cannot be regarded as an additional security for the $25,000 loan. There is nothing in the proof or on the face of the instrument to show that it was so taken. It is not alleged in the complaint that it was given as collateral security, nor was it given to the same party, the second mortgage having been given to the plaintiff bank, and the first to Betts, as trustee, but as trustee for whom does not appear. The appellant insists that there has

not been a sufficient pleading of the want of consideration for the reason that the conclusion only is pleaded, and not the facts upon which it is based. The allegation of the answer is "that there never was any valuable or other legal consideration for the execution or delivery by said defendant to said plaintiff of said bond and mortgage, or either of them." It seems to me that the allegation "that there never was any valuable or other legal consideration" is equivalent to an allegation that there was no consideration, and that it is the allegation of a fact, and not of a conclusion. For that reason I think the pleading is sufficient. The plaintiff also claims that the certificate of deposit for $5,000 and the moneys represented thereby did not belong to the defendant, and that the burden of proof was upon the defendant to show that this certificate and these moneys did belong to her. If the burden was on her, she satisfied it. It appears to me clear that when she showed that the $5,000 which went into this certificate of deposit was a portion of the proceeds of the $25,000 mortgage given by her, and when she proved that the delivery of this certificate of deposit to her was the only consideration for this $5,000 mortgage, she established that the money represented by the certificate belonged to her. If the plaintiff claimed otherwise, the onus was then cast upon it to rebut the defendant's proof, and show, if it could, that the defendant did not own this certificate or these moneys, if it relied upon those facts to establish the validity of its bond and mortgage. Without the establishment of those facts by the plaintiff in rebuttal of defendant's proof, she has made a complete defense to the foreclosure. Under the proof as it stands it is clear that the $5,000 represented by the certificate belonged to the defendant, and that the bond and mortgage in suit were given simply to secure the delivery to her of the certificate representing these moneys, which form a part of the estate in her hands as trustee. The plaintiff therefore parted with nothing of value in consideration of the delivery of the bond and mortgage in question to it. The defendant received no consideration for incumbering her trust estate. The plaintiff received the bond and mortgage knowing it to be void because of these facts. The plaintiff, having received the bond and mortgage under such circumstances, can get no advantage from them, and took them subject to the right of the trustee to have their invalidity declared and to reclaim possession of them. First National Bank of Paterson v. National Broadway Bank, 156 N. Y. 459, 51 N. E. 398, 42 L. R. A. 139; Zimmerman v. Kinkle, 108 N. Y. 282, 15 N. E. 407; Wetmore v. Porter, 92 N. Y. 76. As there is nothing in the evidence showing that the defendant did not own the moneys represented by the certificate of deposit, and as the bond and mortgage were given without consideration, the findings of fact appear to me to be fully justified by the evidence, and the conclusions of law the only ones that could be properly drawn therefrom.

The judgment should be affirmed, with costs. All concur, except SMITH, J., not voting.