The First National Bank of Towanda, Appellant, *v.* Emma A. Robinson, as Trustee for Lucius Robinson, et al., Respondents.

Mortgage — When Void For Want of Consideration. A bond and mortgage executed by a trustee with no other consideration than the delivery of a certificate of deposit issued by the mortgagee, representing a sum already belonging to the trustee and which the mortgagee knew belonged to her, is properly held void as without consideration.

*First Nat. Bank* v. *Robinson,* 105 App. Div. 193, affirmed.

(Argued February 25, 1907; decided March 5, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered August 9, 1905, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Judson A. Gibson* for appellant. Under the pleadings and the evidence in this case, the plaintiff was entitled to the regular judgment of foreclosure and sale. (*Best* v. *Thiel,* 79 N. Y. 15; *Recknagel* v. *Steinway,* 58 App. Div. 352; *Hammond* v. *Earl,* 58 How. Pr. 426; *Olivella* v. *N. Y. & H. R. R.*

*Co.,* 31 Misc. Rep. 203 ; *Spencer* v. *C. M. L. Ins. Assn.,* 142 N. Y. 505 ; *Fuller* v. *Artman,* 69 Hun, 546 ; *Hazleton* v. *Webster,* 20 App. Div. 177 ; *M. L. Ins. Co.* v. *Y. C. Nat. Bank,* 35 App. Div. 218 ; *Torry* v. *Black,* 58 N. Y. 185 ; *Wood* v. *Knight,* 35 App. Div. 21.) Under the pleadings and the evidence in this case, the fact that the defendant was a trustee in no way tends to invalidate this bond and mortgage, or to show want of consideration for its execution and delivery, or the agreement pursuant to which it was given. (*Kirsch* v. *Lozier,* 143 N. Y. 395 ; *M. L. Ins. Co.* v. *Shipman,* 108 N. Y. 19 ; *Spencer* v. *Weber,* 163 N. Y. 493.)

*Alexander C. Eustace* and *J. P. Eustace* for respondents. Trust funds can always be recovered and trust property reclaimed from unlawful incumbrance 'unless against a *bona fide* purchaser or mortgagee without notice. (*F. Nat. Bank* v. *N. B. Bank,* 156 N. Y. 457.) The want of consideration for the execution and delivery of the bond and mortgage in suit was properly pleaded as an affirmative defense. (*M. L. Ins. Co.* v. *G. C. Nat. Bank,* 35 App. Div. 221.)

Willard Bartlett, J. This is a suit to foreclose a mortgage for $5,000 executed by the defendant, Emma A. Robinson, as trustee for Lucius Robinson and Emma D. Robinson, to the plaintiff corporation, the First National Bank of Towanda. The only parties to the action are the mortgagee and mortgagor. The defense was want of consideration. The trial court rendered judgment in favor of the defendant, dismissing the complaint and canceling the mortgage, and the plaintiff has appealed from an affirmance of the Special Term judgment by a divided court.

The only consideration for the execution of the mortgage in suit by the defendant as trustee was the delivery to her of a certificate of deposit for $5,000 issued by the plaintiff bank. The $5,000 represented by this certificate already belonged to the defendant as trustee. Hence, its delivery to her by the bank and the subsequent payment of the money to her could not have constituted any consideration for the execution and

delivery of the mortgage on her part.   All the transactions were carried on with Mr. Nathaniel N. Betts, the cashier of the bank.   Mr. Betts had been made acquainted with the provisions of the trust deed under which the defendant held title to the property which she assumed to mortgage.   The bank was chargeable with his knowledge of the contents of those deeds; and, therefore, must be held to have known that the defendant in her capacity as trustee had no right or authority whatever to make the mortgage in suit except for a valuable consideration.   The trust deeds conveyed the property therein described to the said Emma A. Robinson as trustee to receive the rents and profits of said property and apply them, share and share alike, to the use of Lucius Robinson and Emma De Voe Robinson, children of the said Emma A. Robinson, during their lives in such wise as should in the judgment and discretion of the said trustee be for the best interests of her said children, and she was further empowered to sell, mortgage or lease the said premises or any part thereof and apply the proceeds of such sale, mortgage or lease, share and share alike, as might in her judgment and discretion be wise for the use and benefit of her said children.

The facts which make it apparent that the $5,000 represented by the certificate of deposit really belonged to the defendant as trustee may be briefly stated.   The defendant had previously entered into a negotiation with Mr. Betts whereby he undertook to make a loan to her as trustee amounting to $25,000, in consideration of which she was to execute a mortgage as trustee to secure repayment of the amount so to be loaned.   Upon that mortgage she actually received only $17,500.   Mr. Betts retained $2,500, apparently with her consent, to extinguish an indebtedness to the plaintiff bank, the origin of which nowhere clearly appears in this record.   The balance of $5,000 he deposited with the plaintiff bank, and it is that amount for which the certificate was given.   At the time this $5,000 was thus withheld from the defendant, a written agreement was executed by Mr. Betts, as cashier, and by Mrs. Robinson, as trustee, which appears in the appeal

book as defendant's Exhibit No. 9.  This instrument recites that the First National Bank of Towanda has received for deposit in its bank $5,000 from Emma A. Robinson as trustee to be held by the said bank on certificate of deposit until the said Emma A. Robinson as trustee shall execute and deliver to the said bank a bond and mortgage for $5,000 upon certain property thereon described as being held by Mrs. Robinson as trustee.  The mortgage in suit appears to have been executed pursuant to the terms of this agreement.  Why it was signed by Mrs. Robinson or what was the purpose of the cashier in withholding the $5,000 from her and procuring her signature to this paper is not made to appear.  There is no proof which throws any light on this question nor have counsel sought to explain the transaction.  In the absence of any explanation, however, it is impossible to perceive that this exhibit militates against the right of the defendant to prevail in this action on the ground that she received no consideration for the execution of the mortgage.  It is perfectly clear, as already stated, that the $5,000 withheld out of the $25,000 loan and deposited in the plaintiff bank belonged to her as trustee.  By giving her the certificate of deposit the bank merely acknowledged its obligation to pay over to her a sum of money which it owed to her as a depositor; and subsequently in actually paying over that money the bank simply recognized her undoubted right to receive it.  Such payment could not constitute a consideration for the execution of this trust mortgage and the officer of the bank who conducted the transaction knew it.

The learned judge at Special Term upon the proofs before him committed no error in holding that the mortgage was void for want of consideration and in directing its cancellation.  The Appellate Division was right in affirming the Special Term judgment and I advise that the judgment of the Appellate Division be affirmed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Judgment affirmed.