## CZERNEY v. HAAS.

(Supreme Court, Appellate Division, First Department. May 12, 1911.)

1. CONTRACTS (§ 334*)—ALLEGATIONS AS TO CONSIDERATION.

In an action on a note, defendant by way of counterclaim alleged plaintiff's breach of contract, and pleaded a contract for the sale and delivery of merchandise to defendant at certain stipulated times and in certain quantities, and that the defendant had performed conditions on his part to be performed, and annexed to the plea a letter setting out the prices, quantities, and terms of shipment, and further alleged that subsequent to the making of the agreement, and before the delivery of such merchandise, and in reliance upon the alleged contract and upon the warranties and representations made to the defendant, defendant signed a certain note payable to the plaintiff's assignor. *Held*, on demurrer, that the answer showed a sufficient consideration for plaintiff's assignor's promise to deliver merchandise.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1660–1663; Dec. Dig. § 334.*]

2. EVIDENCE (§ 18*)—JUDICIAL NOTICE—VALUES—FOREIGN MONEY—"HELLER."

The court may take judicial notice that a "Heller" is a modern Austrian copper coin, one two-hundredth of a crown, that its national equivalent is one two-hundredth of a florin, and its United States equivalent one-quarter of a cent, and that it is current.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 22; Dec. Dig. § 18.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CONTRACTS (§ 333*)—PLEADING—ALLEGATIONS AS TO CONTRACT.

Defendant in an action on a note relied on a breach of contract by plaintiff's assignor, and set out the body of the alleged contract, to sell and deliver merchandise at stipulated prices at certain times and in certain quantities, the terms of which were detailed in an annexed letter, and that, in performance of his part of such contract, defendant gave the note in question, and the annexed letter set out the prices, times, and quantities of delivery. *Held*, that the contract was well pleaded.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1640–1659; Dec. Dig. § 333.*]

4. CONTRACTS (§ 279*)—BREACH—TENDER—NECESSITY.

Where one party to a contract has refused to perform his part, it is a breach of contract which relieves the other party of the necessity of tendering performance.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1235; Dec. Dig. § 279.*]

5. SET-OFF AND COUNTERCLAIM (§ 24*)—SUBSISTING RIGHT OF ACTION.

In an action brought August 24, 1910, on a note, defendant counterclaimed for damages sustained by a default by plaintiff's assignor in the delivery of goods sold to defendant, and pleaded that the last delivery of goods under the contract was to have been in July, 1910, and that, in violation of such contract, the plaintiff's assignor refused to deliver the merchandise contracted for, or to make the future deliveries in each month from February to July, 1910, as called for in the contract. *Held*, on demurrer, that defendant showed a claim or cause of action subsisting before the commencement of the action.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 39–42; Dec. Dig. § 24.*]

6. PLEADING (§ 34*)—DEMURRER—CONSTRUCTION ON DEMURRER—INTENDMENT.

As against a demurrer, the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendments.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 66–75; Dec. Dig. § 34.*]

7. SET-OFF AND COUNTERCLAIM (§ 59*)—SET-OFF AND COUNTERCLAIM AGAINST ASSIGNED ORDERS OF ACTION—AMOUNT OF ALLOWANCE.

Under Code Civ. Proc. § 502, subd. 3, where an action is brought by the assignee of a claim, and the counterclaim is against the assignor, it can only be allowed to such an extent as will satisfy plaintiff's demand, since the counterclaim in such case is a defense, and not a basis for an affirmative judgment.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 132; Dec. Dig. § 59.*]

Ingraham, P. J., and Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by Joseph Czerney against Frank Haas. From an interlocutory judgment overruling plaintiff's demurrer to the separate defense and counterclaim contained in defendant's answer, plaintiff appeals. Modified, and, as modified, affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Edgar N. Dollin, for appellant.
Louis H. Moos, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARKE, J. The complaint alleges that the defendant April 5, 1910, made and delivered to C. Slanina & Co. a promissory note to their order for value received for $717, payable two months after date at the First National Bank of Guttenberg, N. J.; that thereafter, and before the commencement of this action, said note was duly indorsed and delivered by the said payees thereof to the plaintiff, and the plaintiff is now the holder and owner thereof; that no part of said note has been paid, and that the whole amount is due, with interest.

For a first separate and distinct defense and by way of counterclaim, defendant alleges that the plaintiff is not the real party in interest, but that C. Slanina & Co. a copartnership composed of Carl Slanina and Fritz Lang of Zuckmantel bei Teplitz-Schonau, are the real parties in interest; that the plaintiff took the said notes as their agent, and is the holder thereof for the purpose of collection only; that the said company and the plaintiff knew and are chargeable with the knowledge of all the facts hereinafter set forth; that the defendant was and now is engaged in the sale of mineral waters and mineral water bottles and other articles in the city of New York; that in November, 1909, the defendant and the said firm of Slanina & Co., for a valuable consideration, directly and through their agent, the plaintiff herein, entered into an agreement for a valuable consideration with the plaintiff, whereby said firm agreed to sell and deliver to the defendant 50,000 vichy or seltzer siphons at certain stipulated times in certain stipulated quantities, the terms of which are annexed hereto and made part hereof, and that the defendant herein has performed all the conditions on his part to be performed; that subsequent to the making of said agreement as afore stated, and before the delivery of the said bottles, and in reliance upon the aforesaid contract and upon the warranties and representations made to the defendant as afore stated, this defendant signed a promissory note made payable to the said Slanina & Co., being the note mentioned in the plaintiff's complaint; that thereafter said firm, in violation of their said agreement, failed and refused to deliver the said vichy siphons so contracted for, though due demand was made therefor, by reason of which defendant was forced and compelled to go to the open market and purchase other vichy siphons similar in character and style to the ones contracted for, and was forced and compelled to pay therefor an added and additional cost of $2,000; that, subsequent to the giving of the said note, the said firm failed and refused to make the future delivery as called for in the contract, thus necessitating the purchase of similar siphons as afore stated from other firms; that prior and subsequent to the making of the contract with the firm of Slanina & Co. this defendant entered into an agreement with other firms and people for the delivery and sale of the said siphons relying upon the contract made by this defendant with the said firm, and the warranty made by the plaintiff as agent, as to delivery; that defendant, in order to fill his contracts so made with the third parties, was compelled to purchase bottles similar in character and style to the ones ordered from the said Slanina & Co. at an additional cost of $2,000; that solely by reason of the premises and the default of the said C. Slanina & Co., and by reason of the breach of the contract en-

tered into and the failure to deliver the said bottles, this defendant suffered damages in the sum of $2,000; wherefore he demanded that the complaint be dismissed in his counterclaim and the defendant have judgment on the counterclaim in the sum of $2,000.

Attached to the answer is the following paper signed by C. Slanina & Co., dated November 15, 1909, addressed to the defendant:

"We beg to acknowledge receipt of your written contract given to our representative, Mr. Joseph Czerney of Brooklyn, for the following: 50,000 pieces 28 oz. siphons at following prices: 44 Heller for 28 oz., with or without ring at bottom, (white); 56 Heller for 37 oz. with or without ring at bottom (white); 66 Heller for 44 oz. with or without ring at bottom (white). F. O. B. our factory, 2% for breakage, 2% for cash and beg to thank you for same. Our understanding of same is as follows: The shipments will be made: During the month of Feb., 1910, 1 wagon; during the month of Mar., 1910, 1 wagon; during the month of Apr., 1910, 1 wagon; during the month of May, 1910, 1 wagon; during the month of June, 1910, 1 wagon; during the month of July, 1910, 1 wagon; or 1 or 2 wagons more as needed. You will receive from us, A No. 1 Bohemian bottles, such as we send to America, the said bottles having a pressure of 300 lbs. per cubic inch. We also guarantee the bottles to weigh 2½ or 3 lbs. and will ship same in barrels. We would also ask you to please send mold for siphon top to fit on bottle."

To this counterclaim was interposed the following demurrer: (1) That the said alleged counterclaim or defense is insufficient in law upon the face thereof; (2) that the said alleged counterclaim is not of the character specified in section 501 of the Code of Civil Procedure as appears upon the face thereof; (3) that the said alleged counterclaim does not constitute a cause of action arising out of the contract set forth in the complaint as the foundation of the plaintiff's claim, nor is it connected with the plaintiff's action; (4) that said alleged counterclaim does not contain facts sufficient to constitute a cause of action.

An interlocutory judgment was entered at Special Term overruling the demurrer, with costs, with leave to withdraw the demurrer and reply to the counterclaim upon the payment of costs, and directing that, in case of the failure of plaintiff to serve a reply and pay said costs, defendant have final judgment for the relief demanded in the counterclaim and for the purpose defendant's damages be assessed by a jury, and that the judgment on said counterclaim when so assessed, together with the costs awarded, are to be included in the final judgment if rendered in favor of defendant and to be set off if uncollected, and final judgment is rendered in favor of the plaintiff against any recovery awarded to the plaintiff.

[1] The appellant claims that the pleading is defective, first, in that it fails to allege a consideration for the promise of C. Slanina & Co. to deliver the siphons to the defendant, and in that the words "for a valuable consideration," appearing in the sixth paragraph of the answer, merely set forth a conclusion. While the words quoted taken alone undoubtedly state only a conclusion, there is more than these words to be found in paragraphs 6 and 7. Paragraph 6 alleges that defendant and Slanina & Co. entered into an agreement whereby the latter agreed to sell and deliver to the defendant 50,000 siphons "at certain stipu-

lated times in certain stipulated quantities, the terms of which are an-
nexed hereto and made part hereof and that the defendant has per-
formed all the conditions on his part to be performed." The terms are ·
set forth in the annexed letter. They are "44 Heller," etc., "56 Hel-
ler," etc., and "66 Heller," etc. Fifty thousand pieces are to be ship-
ped at these prices, and it is designated when and in what quantities
the shipments are to be made. This paragraph is a description then of
what Slanina & Co. were to do under the contract. They were to ship
50,000 pieces at certain prices at certain times to defendant. Then
follows paragraph 7, which describes what defendant did in considera-
tion therefor:

"Subsequent to the making of said agreement * * * and before the
delivery of the said bottles, and in reliance upon the aforesaid contract and
upon the warranties and representations made to the defendant herein, as
aforesaid, this defendant signed a certain promissory note made payable to
the said C. Slanina & Co., being the note mentioned in the plaintiff's com-
plaint herein, as this defendant is informed and believes."

From the paragraph as· worded, it is clear that defendant gave
Slanina & Co. the note in suit in consideration of their promise to de-
liver the siphons as agreed, and in part payment, at least, therefor.
That the contract is alleged to have been made in November, whereas
the note was not given until the following April, should make no dif-
ference. It is a permissible inference that the defendant agreed at the
time the contract was made to pay the company at the rates specified
in the letter annexed to the answer. It is true nothing is said about
payment by note, but certainly defendant could pay as he chose so
long· as he met his obligations and performed his part of the contract.
It is only necessary that there was a promise to pay by defendant in
return for the offer of the Slanina Company to deliver.

[2] It is objected in this connection that the annexed letter does not
set forth the prices of the siphons because the term "Heller" is not an
English word. The court it is said should not, therefore, take judicial
notice of the meaning. It appears, however, that the word has been
recognized by our standard dictionaries. The Century Dictionary
states that a "heller" is a modern Austrian coin, one two-hundredth
part of a crown, and in the Standard Dictionary, under "coin," we find
"Heller, Austria, copper, national equivalent $1/200$ florin." The United
States equivalent is ".00¼," and that it· is "current."

·[3] Secondly. The appellant claims that the letter annexed to the
answer, being pleaded as the contract between the parties, fails to con-
tain the elements of a contract. At best, it is said, it is an unaccepted
offer or an acceptance without an offer. But the contract pleaded is
not limited to the letter. Paragraphs 6 and 7 set forth the body of
the contract. They allege that the parties entered into an agreement
to sell and deliver 50,000 siphons at certain stipulated prices, at cer-
tain times, and in certain quantities, the terms of which are detailed
in the annexed letter; that in performance of its part of the contract
defendant gave the note in question; then comes the letter, which,
after acknowledging the receipt by the Slanina Company from de-
fendant of a written contract, sets forth the prices, the times of deliv-

ery, and the quantities to be delivered, as promised in paragraphs 6 and 7. The pleading does not allege the letter as containing the whole contract, but as supplemental to and explanatory of the contract set forth in the paragraphs named. Reading together the paragraphs and the letter, we have a contract containing all the necessary requisites.

[4] The third point raised is that even if the defendant had properly pleaded a contract, since such contract would provide for the purchase of goods by the defendant in the future, no credit being given, the defendant must allege a tender of the purchase price or readiness or willingness to pay. But the pleading alleges that the defendant has performed all the conditions of the agreement on his part to be performed, and that he signed the promissory note made payable to Slanina & Company, being the note mentioned in plaintiff's complaint. By the demurrer it is admitted that Slanina & Co., in violation of their agreement, after the note was delivered, failed and refused to deliver the siphons so contracted for, though due demand was made therefor, and refused to make the future deliveries called for in the contract. Having, therefore, refused to perform, no tender was necessary.

[5] Finally, it is contended that the counterclaim does not show that defendant's claim existed before the commencement of the action. The counterclaim is based on damage sustained through default in delivery. It is pleaded that the last delivery called for in the contract was to have been in July, 1910. The action was not commenced until August 24th following. The counterclaim does not specifically state on what particular day the breach upon which the claim is based occurred, or in so many words that the claim existed prior to the action. But it does allege in paragraph 8 that Slanina & Co., in violation of their agreement, "failed and refused to deliver the said vichy siphons so contracted for," and in paragraph 9 that the said company "failed and refused to make the future delivery as called for in the said contract." The dates of delivery, so called for, were, according to the annexed letter, during each month from February to July, 1910, inclusive. It therefore sufficiently appears that the claim arose prior to the action.

[6] "The pleading may be deficient in technical language or in logical statements, but, as against a demurrer, * * * the pleading will be deemed to allege whatever can be implied from its statements by fair and reasonable intendment." Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9.

[7] The form of the interlocutory judgment is improper. As the action is brought by the assignee of an assigned claim, and the counterclaim is against the assignor of said claim, it can only be allowed to such extent as will satisfy plaintiff's demand. Section 502, subd. 3, Code Civ. Proc. The counterclaim under such circumstances is a defense and not a basis for an affirmative judgment. The words, "and that the judgment on said counterclaim when so assessed, together with the costs awarded, are to be included in the final judgment, if rendered in favor of defendant," should be stricken out. As so modified, the interlocutory judgment appealed from should be affirmed,

with costs to the respondent, with leave, however, to the appellant upon payment of said costs to withdraw the demurrer and interpose a reply within 20 days after service of the order to be entered hereon.

LAUGHLIN and MILLER, JJ., concur.

INGRAHAM, P. J. I dissent. The action was based upon a promissory note payable to the order of C. Slanina & Co. for $717, dated April 15, 1910, payable two months after date, and the complaint alleges that, before the commencement of the action, the note was duly indorsed by the payees to the plaintiff. The answer admits the signing of the promissory note, and then sets up as a defense and by way of counterclaim that the plaintiff is not the real party in interest, but that C. Slanina & Co. of Bohemia was the real party in interest; that the plaintiff took the note as the agent of Slanina & Co., and is the holder thereof for the purpose of collection only as the agent of Slanina & Co. This is clearly no defense, as the fact that the plaintiff took the note and is the holder thereof for collection justifies the plaintiff as the holder of the note in maintaining the action. Another defense which is also alleged by way of counterclaim is that in November, 1909, the defendant and the firm of Slanina & Co., for a valuable consideration, through their agent, the plaintiff, entered into an agreement for a valuable consideration, whereby the said firm of Slanina & Co. agreed to sell and deliver to the defendant 50,000 vichy or seltzer siphons at certain stipulated terms, and in certain stipulated quantities, the terms of which are annexed and made part of the defense, and that the plaintiff has performed all the conditions on his part. Annexed to the answer is a letter written by Slanina & Co. to the defendants, acknowledging the receipt of the defendant's written contract given to Slanina & Co.'s representative, the plaintiff, for 50,000 pieces 28 ounce siphons, at following prices: "44 Heller for 28 oz., 56 Heller for 37 oz., 66 Heller for 44 oz. Shipments during the various months from February to July 1910." There is in this alleged contract no price for these articles, unless the word "heller" means some particular price, but there is no allegation of what "heller" means, that "heller" was foreign money having its equivalent in money of the United States, nor is there any consideration expressed in this agreement, unless it be the acknowledgment of the receipt of the defendant's written contract. There is no agreement of Slanina & Co. to furnish these articles, but simply an admission of the receipt of a contract for them. It is then alleged that subsequent to the making of the contract and before the delivery of the said bottles, and in reliance upon the contract, the defendant signed the promissory note mentioned in the complaint; that thereafter Slanina & Co., in violation of their said agreement, failed and refused to deliver the said siphons by reason of which the defendant was forced and compelled to go into the open market and purchase other siphons, and was forced and compelled to pay therefor an added and additional cost of $2,000.

I do not think the court can take judicial notice of the meaning of the word "heller," its value in United States currency, or that there are any allegations to justify the conclusion that the defendant sus-

tained any damage in consequence of the failure of Slanina & Co. to deliver these siphons. It is not alleged what these siphons were worth in the market at the time the contract was to be completed, or that the market price was greater than that which the defendant agreed to pay for them when delivered. The fact that the defendant was compelled to go into the market and purchase siphons, and was forced and compelled to pay therefor an additional cost of $2,000, was not an allegation as to the market value of these siphons at the time at which they were to be delivered. The measure of damages in an action for a breach of a contract to sell and deliver personal property is the difference between the market value of the articles at the time and place of delivery and the contract price, and, as there is no allegation in this counterclaim as to the amount that the defendant was to pay for the siphons or as to the value of the siphons in the market at the time or place of delivery, there was no allegation upon which a demand for damages against the payees of the note in favor of the defendant could be predicated. It is a further objection to this counterclaim that there is no allegation in either the complaint or answer as to the date at which this note was transferred by Slanina & Co. to the plaintiff. Subdivision 2 of section 502 of the Code of Civil Procedure provides that, if the action is upon a negotiable promissory note or bill of exchange which had been assigned to the plaintiff after it became due, a demand existing against the person who assigned or transferred it after it became due must be allowed as a counterclaim to the amount of the plaintiff's demand which might have been so allowed against the assignor while the note or bill belonged to him. To justify a counterclaim under this provision, it must, therefore, appear that the amount of this counterclaim might have been allowed against Slanina & Co., while the note or bill belonged to them, and there is no allegation in either the complaint or answer that any cause of action existed in favor of the defendant against Slanina & Co. while the note or bill belonged to them.

I think, therefore, the demurrer should have been sustained, and the judgment should therefore be reversed.

SCOTT, J., concurs.