BROWNING, KING & CO. v. TERWILLIGER.

(Supreme Court, Appellate Division, First Department. May 12, 1911.)

1. PLEADING (§ 88*)—PLEA OR ANSWER—SEPARATE OR SPECIAL DEFENSES.
  Under the express provisions of Code Civ. Proc. § 507, a defense interposed to one of several causes of action, which fails to distinctly refer to the cause of action which it is intended to answer, is defective.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 181–183; Dec. Dig. § 88.*]

2. PLEADING (§ 80*)—PLEA OR ANSWER—PARTIAL DEFENSE—DEMURRER.
  Where a defense is intended as a partial defense, but does not state that it is partial, nor show as to which particular cause of action it is pleaded, as required by Code Civ. Proc. § 508, it will be treated on demurrer as a complete defense.
  [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 162; Dec. Dig. § 80.*]

3. PLEADING (§ 88*)—PLEA OR ANSWER—COMPLETE DEFENSE—DEMURRER.
  A separate defense in an action for rent setting up two causes of action, which contains no denials or affirmative allegations appropriate to defeat the second cause of action, or to defeat the recovery of an amount due for water service or for rent for a definite month, both of which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

items are included in that cause of action, is demurrable as not being a complete defense.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 181–183; Dec. Dig. § 88.*]

4. PLEADING (§ 80*)—PLEA OR ANSWER—PARTIAL DEFENSE—DEMURRER.

Where the first cause of action set out in a complaint in an action for rent is for rent and rates due, a separate defense, which sets up a new agreement for a valuable consideration, by which plaintiff forgave the rent then due and agreed to accept rentals for premises described in a lease at a certain rate per month, without alleging which premises were covered by the alleged agreement, nor in which of the two leases they were described, nor what the consideration for the new agreement was, is not sufficient as a partial defense to that cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 162; Dec. Dig. § 80.*]

5. PLEADING (§ 8*)—FORM AND ALLEGATIONS IN GENERAL—CONCLUSION OF LAW.

A separate defense, in an action for rents, which sets up a new agreement between the parties abrogating the former written lease and forgiving the rent "for a valuable consideration," is merely the pleader's conclusion of law and is bad on demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

6. PLEADING (§ 142*)—PLEA OR ANSWER—COUNTERCLAIM—DEMURRER.

Where a plea by way of defense and counterclaim in an action for rent seeks to set out the provision of the lease set forth in the complaint by which plaintiff was to furnish all necessary steam and heat for the premises occupied by the defendant, and that plaintiff failed to perform such covenant, and the business of defendant was ruined, but does not allege the damages sustained by defendant, nor pray for relief by way of a judgment for damages, it is bad, since when a cause of action is not based on a contract calling for the payment of a sum of money, but the performance of a certain duty, and no damage is alleged, the pleading is demurrable.

[Ed. Note.—For other cases, see Pleading, Cont. Dig. §§ 290, 291, 297, 300; Dec. Dig. § 142.*]

7. PLEADING (§ 93*)—PLEA OR ANSWER—INCONSISTENCY—POSSESSION.

In an action for rent, a plea alleging that, by the terms of the lease, the defendant was to have the use and occupation of a designated part of the premises until a specified date, and that, by virtue of the plaintiff's wrong in leasing for a term of years the premises in which they had but a revocable license, the defendant was ousted from his use and occupation, but without alleging that defendant ever lost or surrendered possession of such premises or any part thereof, and where, from other allegations of the defense, it appeared that defendant remained until dispossessed, the plea is bad for inconsistency.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 189; Dec. Dig. § 93.*]

8. LANDLORD AND TENANT (§ 230*)—ACTION—PLEA OR ANSWER—MATTER CONSTITUTING DEFENSE.

A plea, in an action for rent, entitled a separate and distinct defense to the second cause of action, and alleging payment of the rent claimed and an ouster from the demised premises by the plaintiff thereafter, is well pleaded, since, if duly established, it would be a complete defense to the second cause of action.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 230.*]

Appeal from Special Term, New York County.

Action by Browning, King & Co. against Frank W. Terwilliger. From an interlocutory judgment overruling a demurrer to an amended answer, plaintiff appeals. Modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Charles P. Northrop, for appellant.
Abraham Feinstein, for respondent.

DOWLING, J. The complaint herein sets forth two causes of action: (1) For the sum of $4,466.71 due under a written lease of premises 1265–1267–1269 Broadway, borough of Manhattan, city of New York, dated April 3, 1908, and covering the period until May 1, 1924, at the annual rental of $11,000 payable bimonthly, in addition to the sum of $800, annually for Croton water supplied to said premises, payable monthly, of which total the sum of $4,583.34 is for installments of rent due August 1, 1908, December 1, 1908, and February 1, 1910, and credit being given for $850, deposited in court; and the remaining amount, $733.37, being due for Croton water charges for the months of April, 1909, to February, 1910, inclusive. (2) For the sum of $355, due under a written lease of premises 1263 Broadway in the same borough, dated April 3, 1908, and covering the period until April 1, 1914, at the annual rent of $1,000 and $5 in addition for heat to be supplied thereto, payable bimonthly; the installments of rent thereunder for January, March, April, and May, 1910, remaining unpaid. To this complaint defendant interposed an amended answer, which after a denial of the allegations contained in two paragraphs of the complaint, set up certain separate defenses to which plaintiff has demurred.

The separate defense first pleaded, although it is called "a separate or second defense to said action," is obviously intended as an answer to the first cause of action only, for it refers solely to the claim for rent due for August, 1908, December, 1908, and January, 1909, amounting to $2,750, which is at the rate fixed by the lease set forth in the first cause of action.

This separate defense contains no denial of any allegation in the complaint. It is pleaded as a complete defense to the entire action.

[1, 2] It is defective in form, for, if intended as a defense to the first cause of action, it does not comply with the requirements of the Code of Civil Procedure, as it fails to distinctly refer to the cause of action which it is intended to answer (section 507); and, if intended as a partial defense, it does not so state, nor does it show to what particular cause of action it is deemed to be such (section 508). Not being pleaded as a partial defense, it must be treated as a complete defense to the cause of action. Mott v. De Nisco, 106 App. Div. 156, 94 N. Y. Supp. 380.

[3] It is not a complete defense to both causes of action because it contains no denials or affirmative allegations appropriate to defeat the second cause of action; nor to the first cause of action, because it contains no denials or affirmative allegations appropriate to defeat

the recovery of the amount due for Croton water service or for rent for the month of January, 1910, both of which items are included in that cause of action.

[4] Even as a partial defense to the first cause of action, the pleading is insufficient, for it purports to set up a new agreement made on January 15, 1909, for a valuable consideration, by which plaintiff "forgave" the amount of rent then due ($42,750) and agreed to accept rental for the premises described "in said lease" at the rate of $650 per month up to October 1, 1909, and $850 per month thereafter. It is not alleged which premises were covered by the alleged agreement, nor in what lease they were described (there being two leases for separate parcels of property set forth in the complaint), nor what the consideration was which plaintiff received for the new agreement and the relinquishment of its claim for accrued rent. There is no claim that any release was given, nor any statement of what the consideration was which passed from defendant to plaintiff.

[5] The allegation that plaintiff made this new agreement abrogating the former written lease and forgave the rent due "for a valuable consideration" is a mere conclusion of law, as is any such allegation when applied to a nonnegotiable instrument, unaccompanied by any statement of the facts showing consideration. Fulton v. Varney, 117 App. Div. 575, 102 N. Y. Supp. 608. Nor is there any valid plea of accord and satisfaction, for there is no allegation that the alleged substituted agreement of leasing ever was followed by actual performance thereof. McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St. Rep. 793.

[6] The defense which is denominated "a third defense and by way of counterclaim" is defective and insufficient. By this it sought to plead a provision of "the lease set forth in the complaint" (not specifying which of the two therein set forth is meant), by which plaintiff was to furnish "all necessary steam and heat in sufficient quantities for the proper conduct of a Turkish bath business conducted by the defendant," that plaintiff failed to carry out this provision, and that the business of defendant was ruined; but there is no allegation of any damages having been sustained by defendant, nor any prayer for relief by way of a judgment for damages. When a cause of action is not based on a contract calling for the payment of a sum of money, but to perform a certain duty, and no damage is expressly alleged, the complaint is demurrable. Gause v. Commonwealth Trust Co., 100 App. Div. 427, 91 N. Y. Supp. 847.

[7] It was further alleged that by the terms of the lease defendant was to have the use and occupation of the vaults under the sidewalk in front of the premises leased until April 3, 1924; that on November 19, 1909, defendant was ordered by the Public Service Commission and the Hudson & Manhattan Railroad Company to remove the fixtures and apparatus installed under the said vaults; and that, by "virtue of an illegal right in leasing for a term of 16 years the vaults under the sidewalk to which they had but a revocable license, this defendant was ousted from his enjoyment of the use and occupation of said premises." But there is no allegation that defendant ever lost

or surrendered possession of the vaults in question or of any part of the premises; on the contrary, it appears from the allegations of this very defense that defendant remained in possession of the premises until he was dispossessed February 20, 1910, in summary proceedings based on his nonpayment of rent. It thus appears that, so far from being ousted by plaintiff's failure to supply steam and heat and by its illegal act in leasing vaults to which it had only a revocable license, defendant lost possession of the premises whereof he was a tenant by virtue of legal proceedings, the validity of which he does not dispute.

[8] The "separate and distinct defense to the second cause of action" is not open to the objections hereinbefore enumerated. It alleges payment of the rent in question for the months of January and February, 1910, and an ouster from the demised premises by the plaintiff on or about February 25, 1910, which if duly established would of course be a complete defense to the second cause of action.

The interlocutory judgment appealed from should therefore be modified, with costs to appellant, by providing that the demurrer to the "separate and second defense" and to the "third defense and by way of counterclaim" be sustained, with leave to defendant to amend his answer as to such defense; and that as to the "separate and distinct defense" to the second cause of action the demurrer be overruled, with leave to plaintiff to reply thereto within 20 days, on payment of such costs. All concur.