ST. LAWRENCE COUNTY NAT. BANK v. WATKINS et al.

(Supreme Court, Trial Term, St. Lawrence County.   March 23, 1912.)

1. BILLS AND NOTES (§ 464*)—ACTIONS—COMPLAINT—DESCRIPTION OF INSTRUMENT.

On demurrer to a complaint alleging the making of a note without alleging that it was payable to order or bearer, the note would be regarded as nonnegotiable under Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 20, subd. 4, providing that an instrument, to be negotiable, must be payable to order or bearer.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1446, 1447–1451; Dec. Dig. § 464.*]

2. BILLS AND NOTES (§ 465*)—ACTIONS—COMPLAINT—ALLEGING CONSIDERATION.

In an action on a nonnegotiable instrument, the burden is on plaintiff to allege and prove the facts showing consideration, the provision of Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 50, that every negotiable instrument is presumed to have been issued for a valuable consideration, not applying to nonnegotiable instruments, and that law having repealed the provision of the Revised Statutes on the subject.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1447, 1477–1479; Dec. Dig. § 465.*]

3. PLEADING (§ 8*)—CONCLUSIONS—ALLEGING CONSIDERATION.

An allegation that a nonnegotiable instrument was given for a valuable consideration is not a sufficient allegation of consideration; it being a mere conclusion of law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

4. PLEADING (§ 214*)—DEMURRER—FACTS ADMITTED.

An allegation that a nonnegotiable instrument was given for a valuable consideration is not admitted by demurrer, since, although a demurrer admits all facts pleaded and the resulting inferences, it does not admit conclusions of fact or law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the St. Lawrence County National Bank against Frank H. Watkins and others. On demurrer to the complaint. Demurrer sustained, with leave to amend.

Thomas Spratt and Walter G. Kellogg, for plaintiff.
Rounds, Hatch, Dillingham & Debevoise, for defendant Mary F. Watkins.

WHITMYER, J. The action is on a promissory note. The complaint alleges:

"That on or about the 29th day of January, 1910, the defendants Frank H. Watkins and Mary F. Watkins, for a valuable consideration, duly made, executed, and delivered to the defendant Bertrand H. Snell their written promise to pay to said Bertrand H. Snell the sum of $3,500, with interest at 5 per cent. per annum one year after its said date."

The complaint does not state that the note was made payable "to order" or "to bearer," and contains no further statement of the consideration. Defendant Mary F. Watkins has demurred on the ground that it does not state facts sufficient to constitute a cause of action.

[1] A note to be negotiable must, among other things, be made payable "to order" or "to bearer." Negotiable Instruments Law (chapter 38, Consol. Laws 1909) § 20, subd. 4. The note in suit is. pleaded, not as negotiable, but as nonnegotiable, and, on this demurrer, must be deemed nonnegotiable. Cawley v. Costello, 15 Hun, 303.

[2] Under the Revised Statutes, a promissory note, whether negotiable or not, imported a consideration, and the burden of alleging and showing a want thereof was upon defendant. Rev. Stat. part 2, c. 4, tit. 2, 1 R. S. 768; Carnwright v. Gray, 127 N. Y. 92, 27 N. E. 835, 12 L. R. A. 845, 24 Am. St. Rep. 424. A nonnegotiable note was held by the courts to be included within the terms of the statute.

The Negotiable Instruments Law, art. 4, § 50, provides that:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration and every person whose signature appears thereon to have become a party thereto for value."

Nonnegotiable instruments are not referred to in the section. In the absence of statutory provision, there is no presumption of consideration. So that the presumption of consideration, under the law as it now is, extends to negotiable instruments only. That law repealed the provisions of the Revised Statutes, and changed the rule theretofore existing that a nonnegotiable note imported a consideration, and that the burden of alleging and showing a want thereof was on defendant. Deyo v. Thompson, 53 App. Div. 9, 65 N. Y. Supp. 459. So that now, in an action on a nonnegotiable promissory note, the burden is on plaintiff to plead and prove the facts showing the consideration Deyo v. Thompson, supra; Fulton v. Varney, '117 App. Div. 572, 575, 102 N. Y. Supp. 608.

[3] The complaint here alleges that. the. promise to pay was made "for a valuable consideration." It says nothing further about the

consideration.  Under the authorities, it seems that this is not a state-ment of the facts showing the consideration, but is a mere conclusion of law.  Fulton v. Varney, 117 App. Div. 572, 575, 102 N. Y. Supp. 572; Browning, King & Co. v. Terwilliger, 144 App. Div. 516, 519. 129 N. Y. Supp. 431; Czerney v. Haas, 144 App. Div. 430, 434, 129 N. Y. Supp. 537.  The note in Fulton v. Varney, supra, was not ne-gotiable, in that it was not an unconditional promise or order to pay a sum certain in money, but was a promise to pay out of a particular fund, and also in that it was not payable to order or bearer.  The complaint alleged that it had been given "for a valuable considera-tion."  Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the demurrer was sustained.  The court said:

"This instrument not being under seal and not being negotiable, the alle-gation in the complaint that it was executed and delivered 'for a valuable consideration,' without in any way setting up the facts showing considera-tion, is a mere conclusion of law."

That case was cited with approval in the case of Browning, King & Co. v. Terwilliger, supra, where the court said:

"The allegation that plaintiff made this new agreement abrogating the former written lease and forgave the rent due 'for a valuable consideration' is a mere conclusion of law, as is any such allegation which applied to a non-negotiable instrument unaffected by any statement of the facts showing con-sideration."

The case of Czerney v. Haas is to the same effect.

Bank of Towanda v. Robinson, 105 App. Div. 193, 94 N. Y. Supp. 767, affirmed 188 N. Y. 45, 80 N. E. 567, cited by plaintiff, is not in conflict with these authorities.  The allegation there was, in effect, that there was no consideration, and this was held to be an allegation of a fact, and not of a conclusion of law.  That was a negative aver-ment.  A negative averment is itself a statement of fact, and is prop-erly pleaded in general terms.  An allegation that a promise was made "for a valuable consideration" is, however, an affirmative averment. Such an averment implies the existence of particular facts, which establish or tend to establish it, and which under the code system of pleading must be specifically set forth.  Abbott's Trial Brief on the Pleadings, p. 131.

[4] The claim that defendant, by demurring, has admitted that the note was given for a valuable consideration cannot be sustained. A demurrer admits the truth of all the facts stated and necessary in-ferences resulting, but does not admit conclusions of fact or conclu-sions of law.  Baylies on Code Pleading & Practice, p. 340; Greeff v. Equitable Life Assurance Society, 160 N. Y. 19, 29, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659; Frank v. Mandel, 76 App. Div. 415, 18 N. Y. Supp. 855.  In the case of Greeff v. Equitable Life Assurance Society, supra, the rule is stated as follows:

"The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.  By interposing this de-murrer it admitted all the facts alleged, and such inferences as could be fair-ly drawn from them [citing cases].  But it admitted none of the conclusions averred, nor any construction put upon the contract by the pleader.  Nor did

it admit the correctness of any inference drawn by the pleader from the facts alleged."

It seems to me, therefore, that the demurrer must be sustained, with leave to plaintiff, however, to serve an amended complaint within 20 days upon payment of costs.