## Samuel Whitwell *et al. versus* David T. Brigham.

A declaration combining in one count all the common money counts, is good.

Where the acceptor of a bill of exchange for the accommodation of the drawer, paid the bill and brought his action against the drawer to recover an indemnity, declaring on the general money counts only, and attached the drawer's property, it was considered, that although the specific ground of the action did not appear on the writ, yet that the attachment was valid against a subsequent attaching creditor.

A creditor holding collateral security may nevertheless bring an action upon his demand and attach property of the debtor to respond the judgment.

The acceptor of a bill of exchange for the accommodation of the drawer, may pay it on the last day of grace before the commencement of business hours, and forthwith bring his action against the drawer to recover an indemnity.

A payment of a bill by such acceptor before the last day of grace, will take effect as a payment at the commencement of that day, as against the drawer.

ASSUMPSIT. The declaration contained but one count; in which however were combined all the common money counts.

Upon a case stated it appeared, that on the 28th of August, 1835, the defendant drew six bills of exchange on the plaintiffs, each for $ 5000, payable four months after date to the defendant's own order. The defendant had not then, and has never since had, any funds in the hands of the plaintiffs, unless the promissory note of N. P. Denny and others, mentioned below, is to be considered as funds. The bills were accepted in consideration of a promissory note given to them by the defendant for $ 750, payable on demand with interest; which note forms one of the causes of action in this suit. The bills were accepted immediately after they were drawn, and were negotiated by the defendant for his own benefit. At the time of the acceptance the defendant promised to indemnify the plaintiffs against the bills, and as collateral security for such promise he deposited in their hands a note signed by N. P. Denny and five other persons, for $ 33,204·28, dated August 14th, 1835, payable to one Hatch or order in one year, and indorsed by Hatch in blank.

On the 26 of December, 1835, the plaintiffs received from the defendant a letter, dated at Worcester on the same day, as follows : — " I have been disappointed in relation to the negotiation by which I was to receive the *cash* for the note of N.

P. Denny and others. I suppose, as the times are, it is not easy for any one to pay $30,000 and as your acceptances are at maturity soon, if you will enclose to me by the bearer of this your acceptances at 2 months $5000 each, for the amount of those already negotiated, I will go at once to the banks in Connecticut where I am in the habit of negotiating, and raise part or the whole amount and remit to you by cashier's check." "P. S. If you can negotiate the large note please do it." The plaintiffs did not furnish their acceptances as requested in this letter, and the defendant did not procure the funds to pay the six bills at maturity, nor was he prepared to pay them on the day when they became payable.

On the 28th of December, 1835, the plaintiffs received from the holders of the bills, notice that they were due on the 31st. The plaintiffs waited till the 30th, when not hearing further from the defendant, they paid and took up the bills, and on the 31st, at 6 o'clock A. M., without any demand of payment on the defendant, they commenced this action and attached certain real and personal estate of the defendant. The same property was soon afterwards attached on a writ against the defendant in favor of Samuel M. Burnside.

After the plaintiffs' action was commenced, the defendant demanded of them the note which had been deposited with them as collateral security; but they refused to deliver it up unless they were first indemnified for what they had paid on the bills. In the vacation between the April and July terms, 1836, of the Court of Common Pleas for the county of Suffolk, the plaintiffs gave up the collateral security to the defendant, in consideration of his paying them $10,000 towards such indemnity, and giving them a written agreement, for a valuable consideration, that he would be defaulted in their action against him, at the October term 1836, and that upon such default judgment should be rendered against him at the same term for such principal sums and interest, as should then be due from him to them.

Burnside, who was admitted, at the July term 1836, to defend this suit as a subsequent attaching creditor, had no knowledge, prior to filing his petition and bond in this case, of the above arrangement between the plaintiffs and the defendant. At

the time when that arrangement was made, the defendant had employed counsel to appear in the action, and it had been once continued by consent in the Common Pleas, but no subsequent attaching creditor had then applied for leave to defend the action, nor had the plaintiffs had notice that there was any subsequent attaching creditor.

*C. P. Curtis* and *B. R. Curtis*, for the plaintiffs. To the point, that the declaration was sufficient, they cited *Cornwall v Gould*, 4 Pick. 448 ; *Ward v. Henry*, 5 Connect. R. 598 ; and that a demand on the defendant before action brought, was not requisite, *Lent v. Padelford*, 10 Mass. R. 238 ; *Ward v. Henry*, 5 Connect. R. 598.

The action was not commenced prematurely, in respect to the bills of exchange. As between the plaintiffs and the holders, and persons subject to the same equities, the paying and receiving of the money was a payment of the bills ; in regard to third persons not subject to those equities, it was a deposit in the hands of the holders, which took effect as a payment the moment the bills became due. *White v. Kibling*, 11 Johns. R. 128 ; *Farley v. Thompson*, 15 Mass. R. 18 ; *Sturdy v. Arnaud*, 3 T. R. 599 ; *Tryon v. Carter*, 7 Mod. 231 ; *Holmes v. Broket*, Cro. Jac. 434 ; *Douglas v. Moody*, 9 Mass. R. 553. A bill becomes due on the first moment of the last day of grace, and admitting that the acceptor may wait till the end of the day unless payment be sooner demanded, he is not obliged to wait, but may pay or tender at any time during the day. *Wade's case*, 5 Coke, 114 ; Bac. Abr. *Tender, D ; Shed v. Brett*, 1 Pick. 401 ; Bayley on Bills, (Phillips and Sewall's 1st ed.) 135 *et seq.*; *Garnett v. Woodcock*, 1 Stark. R. 475 ; *S. C.* 6 Maule & Selw. 44 ; *Henry v. Lee*, 2 Chit. Rep. 124 ; *Whitwell v. Johnson*, 17 Mass. R. 449 ; *Baldwin v. Farnsworth*, 1 Fairfield, 414 ; *Odlin v. Greenleaf*, 3 N. Hamp. R. 270. The defendant's letter to the plaintiffs was equivalent to notice that he could not pay the bills ; and the fact is admitted, that he was not prepared to pay them on the last day of grace.

*B. Sumner* and *C. Allen*, for the intervening creditor. To the point, that the declaration was insufficient to support the attachment, because it did not show for what specific cause of

Whitwell
*v.*
Brigham.

*April 4th.*

action the attachment was made, they cited *Brigham* v. *Este*, 2 Pick. 423 ; *Fairfield* v. *Baldwin*, 12 Pick. 388 ; *Willis* v. *Crooker*, 1 Pick. 204 ; Revised Stat. *c*. 90, § 83 *et seq*.

At the time when this action was commenced, no cause of action had accrued, except upon the defendant's note for $750. A bill of exchange does not become due until the last business hour on the last day of grace, unless a demand be made after the commencement of business hours on that day ; in which case it becomes due upon such demand. *Savings Bank* v. *Bates*, 8 Connect. R. 505 ; *Leftley* v. *Mills*, 4 T. R. 170 ; *Shed* v. *Brett*, 1 Pick. 401 ; *City Bank* v. *Cutter*, 3 Pick. 414 ; *Boston Bank* v. *Hodges*, 9 Pick. 420 ; *Greeley* v. *Thurston*, 4 Greenleaf, 479 ; *Abbe* v. *Goodwin*, 7 Connect. R. 377. The payment on the second day of grace was valid as between the plaintiffs and the holders of the bills, but it cannot be allowed to operate to the injury of the defendant. The plaintiffs received a consideration for giving him a credit for four months and grace, and they had no right to shorten the term. They were his sureties, and they could not establish a claim to indemnity until they were legally compellable to pay the debt. *Vansandau* v. *Corsbie*, 8 Taunt. 550 ; *S. C.* 3 Barn. & Ald. 13 ; *Taylor* v. *Mills*, Cowp. 525 ; *Campbell* v *Macomb*, 4 Johns. Ch. R. 534. Under the circumstances o the case, the plaintiffs should at least have made a demand ol indemnity before bringing their action. The letter from the defendant does not say that he would not pay the bills when they should become due, nor does it appear that he could not or would not have procured the necessary funds. He had the means of raising money, in the note pledged to the plaintiffs, as well as in the property attached by them, and the commencement of this suit so early in the day may have deprived him of the ability to procure the amount required.

*April 7th.*     MORTON J. delivered the opinion of the Court. The declaration, which is general, combining in one count all the common counts, is undoubtedly good. It is said that we are indebted, for the length of many of our English precedents, to the mode of compensation. But as American pleaders and scriveners are not paid by the page, it is for their interest to abridge rather than prolong, and the effect of this may be seen

in the abbreviation of the forms of all our proceedings. And this labor-saving propensity, so long as it does not sacrifice perspicuity to brevity, may well be indulged. One count may always be abridged by referring to another. And the several common counts are no less intelligible and perspicuous when combined, than when drawn out separately. That the surety who properly pays money for his principal, or the indorser for the maker or prior indorser, or the acceptor for the drawer, can recover it on the count for money paid, &c. cannot be doubted. Bayley on Bills, (Phil. and Sewall's 1st ed.) 244, 312 ; *Cornwall* v. *Gould*, 4 Pick. 444 ; *Beckwith* v. *Sibley*, 11 Pick. 482.

The collateral security which the defendant had given to the plaintiffs, by depositing in their hands the note of Denny and others, constituted no obstacle to their suit or attachment. *Cornwall* v. *Gould*, 4 Pick. 448 ; *Beckwith* v. *Sibley*, 11 Pick. 482. And they must now prevail, if their payment was duly and properly made. The inquiry into this point, is the only one which has given us any trouble.

The defendant's counsel contends, that the acceptances were paid before they were due, and the payment thus being voluntary, forms no sufficient ground of action. On the other hand, the plaintiffs argue that the suit might be instituted before payment, and supported by evidence of payment, during its pendency, at any time previous to the trial. The case of *Douglas* v. *Moody*, 9 Mass. R. 553, gives some countenance to this suggestion ; but we will not stop to investigate this point, because the opinion which we have formed on another supersedes the necessity of it. See *Campbell* v. *Macomb*, 4 Johns. Ch. R. 534.

The bills fell due on the 31st of December. On the 30th of December the plaintiffs " paid and took up the bills," and " on the 31st of December, at 6 o'clock A. M., they commenced this action" and made their attachment. Was the action prematurely brought ?

The general principle, that the obligor in a bond, the promisor in a note, and the acceptor of a bill, are entitled to the whole of the day on which they fall due, to pay them, is unquestionable. 6 Bac. Abr. *Tender, D;* Com. Dig. *Rent, B* 9

*D* 7 ; *Greeley* v. *Thurston*, 4 Greenleaf, 479 ; *Leftley* v.
*Mills*, 4 T. R. 170. Hence no action will lie upon either,
until the whole day has expired. The law merchant, however,
has a modification of the principle operating upon negotiable
instruments, by which mercantile paper is considered as falling
due upon demand, on the last day of grace. And a demand
made at any reasonable hour within the day, and a refusal to
pay, will warrant notice to any of the prior parties and author-
ize the commencement of an action. Thus an action may be
brought against the maker of a note and the acceptor of a bill,
and after notice, against the indorser of either. *Shed* v. *Brett*,
1 Pick. 401 [2d ed. 405, note 1] ; *City Bank* v. *Cutter*,
3 Pick. 414 [2d ed. 418, note 2] ; *Greeley* v. *Thurston*, 4
Greenleaf, 479.

But as the party is entitled to the whole of the last day in
which to make the payment, so he may avail himself of any
part of it for the purpose. And although he could not, in the
absence of the other party either at his place of business or on
the premises, make a tender till near the close of the day ; yet
should the parties meet at a suitable place, the tender might
lawfully be made at any time within the day. 6 Bac. Abr.
*Rent, I*, 2 ; *William Clun's case*, 10 Coke, 127 ; *Tryon* v.
*Carter*, 7 Mod. 231.

When the payment is to be made at a particular place, and
to a corporation or person having a regular house of business,
the day would necessarily refer to and be limited by the time
established by regulations or usage for the transaction of busi-
ness. *Parker* v. *Gordon*, 7 East, 385. But where the payer
and payee meet and both are willing to transact the business,
payments may lawfully be made at any hour of the day from
the earliest to the latest. And the cause of action accrues the
moment the money is paid ; and, no notice other than the ser-
vice of the writ, being necessary, a suit may be commenced at
any time on the day of payment. In *Garnett* v. *Woodcock*,
1 Stark. R. 475, Lord *Ellenborough* says, " I think it is per-
fectly clear, that if a banker appoint a person to attend in
order to give an answer, a presentment would be sufficient if it
were made before twelve at night." If therefore the plaintiffs
had paid these acceptances before 6 o'clock on the morning of

the 31st of December, their action would have been rightfully commenced.    <span style="float:right">Whitwell<br>*v.*<br>Brigham.</span>

It only remains for us to inquire whether the transaction on the second day of grace can avail as a payment on the last day of grace. It is not to be disguised, that the plaintiffs intended then to pay and take up their acceptances and the holders intended to receive payment and to discharge their securities. The justice of the claim is manifestly with the plaintiffs. Neither the defendant, nor his creditors, suffered any loss or injury from the anticipation of the payment. They are now in as favorable a situation, in every respect, as if the payment had been made at *five* o'clock on the last day of grace. We therefore feel bound to give effect to this attempted payment, if it can be done consistently with the established principles of law. And although a surety or indorser or an acceptor may not hasten their remedies by paying their debts before they become due, yet we think these principles will apply the means placed in the hands of the payee beforehand, to the discharge of the obligation or the payment of the debts according to the intention of the parties. *Campbell* v. *Macomb*, 4 Johns. Ch. R. 534.

It is an old and well settled rule, that although a plea of payment *before the day* is not good ; yet that a plea of pay *at the day* is supported by proof of payment before the day. *Tryon* v. *Carter*, 7 Mod. 231 ; *Holmes* v. *Broket*, Cro. Jac. 434 ; *Sturdy* v. *Arnaud*, 3 T. R. 601.

These adjudications are necessarily founded on the principle, that money paid by the one party and received by the other with the intent to extinguish a debt, shall be so applied as to effectuate their purpose as soon as the rules of law will permit. In the quaint language of the court in *Holmes* v. *Broket*, " payment before the day, is good payment at the day." Where money is to be paid at a particular place or on a particular day, it is sufficient to pay it at another place or *before the day*, if it be accepted, for that amounts to payment at the place or *on the day*. 3 Com. Dig. *Condition*, *G* 7 ; 1 Roll. Abr. 440, 473 ; Co. Lit. 212 *b.*

In the case at bar the money of the acceptors was placed in the hands of the holders, with an intent, in which both con-

curred, that it should *pay* the acceptances.   Between these
parties it was a perfect satisfaction, and would forever bar any
claim by either against the other, upon these bills.   But if by
any rule of law, it could not, in relation to the rights of others,
be deemed payment because it was premature, yet we can dis-
cover no obstacle in law or equity, to the application of it
to that purpose, at the earliest moment of the day on which the
bills fell due.   We are therefore of opinion, that here was a
legal payment of the acceptances by the plaintiffs, on the day
of their maturity and before the commencement of their action.

*Defendant defaulted.*