### KNICKERBOCKER TRUST CO. v. COYLE.

(Circuit Court, D. New Jersey. July 22, 1905.)

1. PLEADING—SUFFICIENCY OF PLEA.

A plea in bar, which professes to answer an entire count of the declaration and which answers only a part, is bad.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 181.]

2. ASSIGNMENT OF CHOSE IN ACTION—NECESSITY OF NOTICE.

A plea in bar to a suit brought by the assignee of a chose in action to the effect that the chose in action was assigned without notice to the defendant is bad in the absence of any agreement requiring such notice, or of any allegation of injury arising from want of notice.

[Ed. Note.— For cases in point, see vol. 4, Cent. Dig. Assignments, § 116.]

**3. GUARANTY—RIGHT OF ACTION AGAINST GUARANTOR—EFFECT OF PLEDGE OF COLLATERAL.**

In an action brought upon an unconditional guaranty, a plea by the guarantor to the effect that the plaintiff had not realized upon certain stocks and bonds pledged as collateral to the debt guaranteed is bad, and will, on motion, be stricken out.

Action at Law on Contract.  On motion to strike out pleas.

McCarter, Williamson & McCarter, for the motion.
John J. Mulvaney, opposed.

CROSS, District Judge.  This matter comes before the court on motion to strike out the second plea to the first count and the fifth plea to the second count of the declaration.  Each plea purports to answer the entire count to which it is directed.  A plea in bar which professes to answer a whole count and answers only a part is bad.  Grafflin v. Jackson, 40 N. J. Law, 440, and cases cited; Newark v. Stout, 52 N. J. Law, 35, 18 Atl. 943.  The action is brought upon ten notes or obligations of the defendant, each of which was made payable to the Consolidated Industries Company, "or to their order by the indorsement hereof," and was duly indorsed by said company to the plaintiff.  The first plea to be considered sets up as a defense that no notice was given to the defendant by the plaintiff, or by any other person, of the assignment of the said notes or obligations, at the time of such assignment, or at any time since.  There is nothing in the instruments themselves which requires any such notice to be given, and, although not in form negotiable paper, they were nevertheless assignable upon their face, and were also assignable under the nineteenth section of "An act to regulate the practice of courts of law" (Laws N. J. 1903, p. 540), which act further provides that the assignee could sue thereon in his own name, subject to all set-offs, discounts, and defenses, not only against the plaintiff, but against the assignor, before notice of such assignment shall be given to the defendant. The plea does not allege that the defendant has suffered any injury from the want of notice.  It goes no farther than to allege that he was entitled to notice of the assignment in any event, but this was not his legal right.  In Young v. Upson (C. C.) 115 Fed. 192, 195 the court says:

."It is contended that it is essential to the validity of the transfer that notice should have been given to the debtors whose claims were assigned.  This contention is unsound.  The necessity for a notice by an assignee to the debtor arises where he seeks to protect himself against a payment by the debtor to the original creditor."

To the same effect are Williams et al. v. Ingersoll, 89 N. Y. 522; Thayer v. Daniels, 113 Mass. 129; Marsh v. Garney (N. H.) 45 Atl. 745.  But, irrespective of the general rule of law pertaining to the matter, we think the defendant is concluded by an agreement executed contemporaneously with the obligations and referred to in the declaration, by which he agreed that they might be pledged to the plaintiff, or to any other party, as collateral security for a loan which the industries company was thereby authorized

to obtain. Since, then, the certificate was assignable, not only by statute, but upon its face, and such assignment was further authorized by the contemporaneous agreement above referred to, and as the defendant alleges no injury from the want of notice, we think the plea setting up the fact that he had no notice is bad, and must be stricken out.

The second count of the declaration, which the second plea is intended to answer, briefly stated, alleges that the said Consolidated Industries Company agreed with the defendant (by an agreement, a copy of which is annexed to and made a part of the declaration) that the said company might borrow from the plaintiff a certain sum of money; that the defendant, in consideration of the making of said loan by the plaintiff to the industries company, and for other considerations set out in the declaration, promised and guarantied to the plaintiff the repayment of a certain portion of said loan; that the plaintiff, relying upon the guaranty of the defendant, made such loan to the industries company, to be repaid January 10, 1904, and that such loan has not been repaid, whereby the defendant became liable to pay the plaintiff, etc., and, being so liable, undertook and promised to pay, etc. The agreement above referred to provides also that the Consolidated Industries Company, in order to further secure said loan to the plaintiff, might pledge the aforesaid notes or obligations of the defendant, and certain securities to which he would become entitled upon their payment, to the plaintiff or other party making the loan, as collateral security for the payment thereof. The only defense set up in this plea is that the plaintiff corporation has brought suit against the defendant upon his guaranty without first having exhausted its collateral. In our opinion, the plea does not set up a valid defense. There is no rule of law that requires a pledgee of a chose in action or evidence of debt assigned to him as collateral security to realize on the collateral before he can bring suit upon his cause of action. The law is otherwise. In 22 Am. & Eng. Enc. of Law (2d Ed.) p. 897, the correct rule is laid down as follows:

"It is well settled that where a chose in action or evidence of debt is assigned as collateral security, the pledgee, when the debt secured falls due, is not obliged to enforce the payment of the debt out of the collateral, but he has his election either to enforce the collateral when it matures or to proceed personally against the pledgor."

In the footnote a large number of cases decided by many different state courts are given.

Bigelow, C. J., in rendering the opinion in Rogers v. Ward, 90 Mass., at page 389, 85 Am. Dec. 710, says:

"The taking of collateral security for the payment of a debt does not afford any implication that the creditor is to look to it only or primarily for the payment of the debt. The obligation of the debtor to respond in his person and property is the same as if no security had been given. This is the well-settled rule at law."

In Whitwell et al. v. Brigham, 36 Mass. 117, 121, the court says:

"The collateral security which the defendant had given to the plaintiffs by depositing in their hands the note of Denny and others constituted no obstacle to their suit or attachment."

De Cordova v. Barnum, 130 N. Y. 615, 29 N. E. 1099, 27 Am. St. Rep. 538, is another case in point. At page 617, 130 N. Y., and page 1099, 29 N. E. (27 Am. St. Rep. 538), the court says:

"The defendant asked the court to hold or to instruct the jury that the plaintiff could not maintain this action without showing that he had used all reasonable means to realize upon the fourteen shares of stock which he held as collateral; that it was plaintiff's duty to advertise and sell it, and credit defendant with the proceeds, or to return it to defendant before this action was brought. The court refused to hold as requested. The defendant offered to prove the value of the fourteen shares of stock. The plaintiff's objection to such proof was sustained. In these rulings no error was committed. The plaintiff held the fourteen shares of horse palace car stock as collateral security to protect him from loss. There was no special agreement that the plaintiff should first realize upon the collateral before bringing an action against the defendant to recover the debt due him, and therefore the plaintiff was not required to realize upon the collateral before resorting to this action. [Citing cases.]"

This seems to be the universal trend of the decisions in the absence of an agreement to the contrary. There is no such agreement to be found in the contract above referred to. The guaranty is unconditional, and is in form that "each underwriter [of whom the defendant was one], in consideration of the making of said loan, hereby guaranties to the said trust company, or such other party, the repayment of said loan, to the extent only of the par of the underwriters' certificates signed by him and so pledged." We think this plea is bad also.

Both pleas will be stricken out.