## BANKERS BOND & MORTGAGE CO. v. WITHEROW.

### In re FIRST NAT. BANK OF DARBY, PA.

### No. 567.

District Court, E. D. Pennsylvania.

March 4, 1940.

Sundheim, Folz & Hirsch, of Philadelphia, Pa., for plaintiff.

William K. Rhodes, of Media, Pa., for defendant.

BARD, District Judge.

On petition of the defendant, a Rule was granted on the plaintiff to show cause why it should not file a reply to the "New Matter" set up in the defendant's Answer.

The Rules of Civil Procedure require that "An application to the court for an order shall be by motion * * *." Rule 7 (b) (1), 28 U.S.C.A. following section 723c. It will be so considered.

The plaintiff holds a bond of the present principal balance of $2,500, secured by a first mortgage upon premises No. 5421 Belmar Terrace, Philadelphia, Pennsylvania. The property was for several years owned by the defendant bank, title having been placed in the name of J. S. Verlenden, the defendant's president. Since the bank became insolvent, the title to the property has been transferred to W. Macklin Witherow, Receiver of the Bank.

On October 18, 1932, before the appointment of a Receiver and while still open for business, the defendant bank and the plaintiff entered into an agreement by the terms of which plaintiff extended the term of the bond and accompanying mortgage until August 16, 1933, and the defendant bank guaranteed to pay to plaintiff the interest when due and the principal of the bond and mortgage at the expiration of the extended term.

198

The defendant bank became insolvent in February 1933 and a Receiver for it was appointed January 23, 1934.

The suit in question is against the bank's receiver on the agreement guaranteeing payment of the principal and interest of the bond and mortgage. The mortgage has not been foreclosed and the defendant is the owner of the property in question.

The defendant's Answer admits most of the allegations of the Complaint, but after Paragraph 11 sets up "New Matter" as an affirmative defense, averring: "The plaintiff is a creditor of an insolvent debtor and holds security for said debt, to wit, the mortgaged premises; that in making a claim against the insolvent debtor the plaintiff has failed to deduct from said claim the value of such security; that the premises securing the plaintiff are of a value sufficient to pay the whole of the plaintiff's claim including interest and costs of foreclosure."

 The law of Pennsylvania, with certain exceptions not applicable here, requires that a creditor of an insolvent must deduct the value of the security held by the creditor in determining the amount of the creditor's claim. The creditor can not enforce or retain the collateral and also prove for the whole claim as an unsecured creditor; he may prove only for the balance due for that is all he could have done if insolvency had not intervened. In re United Security Trust Company, 321 Pa. 276, 184 A. 106. This the plaintiff has not done but has brought suit for the full amount of the mortgage with interest.

The answer of the defendant affirmatively avers that the premises securing the plaintiff are of a value sufficient to pay the whole of the plaintiff's claim. He contends that the real issue between the parties to this suit will be the value of the mortgaged premises and that therefore a reply should be filed to the defendant's "New Matter" so that such an issue may be properly raised by the pleadings.

The plaintiff does not oppose the defendant's motion for a reply and submits itself to whatever order the Court may see fit to enter.

Rule 7 (a) of the Rules of Civil Procedure limits pleadings to complaint and answer, except that, if there is a counter claim in the answer, a reply must be filed, and that the Court may order a reply in cases generally.

On Page 226, Proceedings of the American Bar Association Institute, Cleveland 1938, Dean, now Judge, Charles E. Clark explains the purpose of Rule 7 (a) in cutting off pleadings is "to prevent the delay that may come from attemping argumentative statements from then on."

The proviso permitting the Court in its discretion to order a reply gives the pleader an opportunity to put his claims on record and to clarify the issue.

 In the instant case I believe the issue will be more intelligently framed without any undue delay, if the plaintiff will file a reply to the "New Matter" averred in the defendant's answer.

The defendant's motion praying the Court to order the plaintiff to file a reply, in accordance with Rule 7 (a), to the "New Matter" set up as an affirmative defense in paragraph 11 of the defendant's answer is hereby granted, and the plaintiff is directed to file such reply within twenty days after the service of this order in accordance with Rule 12 (a). It is so ordered.