**KELLER–DORIAN COLORFILM CORPORATION v. EASTMAN KODAK CO.**

**KELLER–DORIAN COLORFILM CORPORATION v. EASTMAN KODAK CO.
et al.**

United States District Court
S. D. New York.

Feb. 6, 1950.

See also 9 F.R.D. 432, 88 F.Supp. 863.

Bertram A. Mayers, Fitelson & Mayers, New York City, Milton Black (of Mudge, Stern, Williams & Tucker), New York City, of counsel, for plaintiff.

William J. Donovan, James R. Withrow, Jr., Donovan, Leisure, Newton, Lumbard & Irvine, New York City, T. Carl Nixon, Arthur L. Stern, Nixon, Hargrave, Middleton & Devans, Rochester, N. Y., Lloyd F. MacMahon, Frank I. Davis, Jr., John J. O'Connell, Jr., New York City, of counsel, for defendant Eastman Kodak Co.

IRVING R. KAUFMAN, District Judge.

The Court has before it two motions, in two separate actions, for orders requiring plaintiff to reply to the affirmative defenses set forth in paragraphs 41 to 113, inclusive, of defendant's answer in Civil Action No. 48-168 and to the separate defenses of the defendant Eastman Kodak Company in paragraphs 46 to 113, inclusive, in Civil Action No. 48-169.

The defenses to which a reply is sought concern themselves with the statute of limitations, laches and estoppel, the court's jurisdiction over the subject matter, the validity and scope of the patents which are the subject matter of the lawsuits, other actions between the same parties for the same subject matter, performance of the agreement sued upon, lack of mutuality of obligations and an attempt on the part of the plaintiff to create a monopoly in restraint of trade in the color motion picture industry by the institution of these suits.

In the two actions plaintiff seeks against the defendant, Eastman Kodak Company, which is the sole defendant in No. 48-168 and codefendant in No. 48-169, equitable relief and treble damages under the antitrust laws and other financial relief.

The basis of both actions is that Eastman Kodak individually as well as in combination with the other defendants suppressed the process of the plaintiff which Eastman was obligated to develop and exploit, and instead permitted the sale of film competitive with that of the plaintiff's process. That there are numerous and complex questions of fact and law raised by the complaint and the answer in the respective actions cannot be denied. The defendant, Eastman, in seeking the orders compelling the reply contends that under Rule 7(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the Court may order a reply to an answer or a third party answer. It is to be noted that replies have already been made by the plaintiff to counterclaims. The problem, therefore, for this Court to determine is whether in its discretion it should compel replies in the respective actions to the defendant's defenses enumerated in the paragraphs aforementioned.

The purpose of the Federal Rules was to bring about simplicity in pleadings and illustrative of this fact is the Appendix of Forms, which is annexed to the Rules in accordance with Rule 84. Rule 84 states: "The forms contained in

the Appendix of Forms are sufficient under the rules and are intended to indicate the *simplicity* and *brevity* of statement which the rules contemplate." (Emphasis added.)

Various forms of complaints and motions are contained in the Appendix, all of which indicate a simplicity and brevity of statement.

■ The contention of the defendant Eastman Kodak that the Court should look with favor upon anything which would tend to narrow the issues, is not in conflict with the spirit of the Rules, for ample provision is made in the Rules for narrowing the issues other than by replies to affirmative defenses. A narrowing of the issues can be obtained by the effective use of depositions and discovery and admissions of facts and of the genuineness of documents. Rules 26–36. Wide latitude is permitted in the federal court in the taking of depositions and discovery because such methods will result in narrowing the issues. Indeed, pre-trial hearings will be effective in the instant litigations in accomplishing that end. Furthermore both parties are presently engaged in the taking of extensive depositions, all with a view towards effectively narrowing the issues. The problem, therefore, which this Court must determine is whether it is within the spirit and intent of the Rules to compel replies in the instant litigations or whether to compel these replies would be contrary to the purpose of the Rules to obtain simplicity and brevity in pleading. In this connection it should be noted that Rule 8(d) provides that: " * * * Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

Ultimately, by the time these actions are ready for trial, all the issues, whether replies have been ordered or not, will be sufficiently narrowed by the use of the implements aforementioned. Apparently what the defendant seeks now is to narrow the issue preparatory to the taking of sworn depositions at the expense of brevity and simplicity of pleadings.

Judge Conger of this Court dealt with the question of ordering replies in Bower v. Casanave, D.C.S.D.N.Y.1941, 44 F.Supp. 501, in which he stated: "The defendant's motion to compel a reply is denied. Although Rule 7(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permits a reply in the court's discretion, some reason must be shown for its need. Moore says that the rule contemplates, in the normal case, a complaint and answer only. 1 Moore's Fed. Prac. 423. * * * Affirmative defenses to which there are no replies, are deemed denied or avoided. Rule 8(d), F.R.C.P." (p. 507)

In a Commentary in 5 Fed. Rules Service 803 (1942) it was stated on the matter of motions of this type: " * * * However, it is probable that such motions will not be received with much favor by the courts. * * * In the usual case the issues can be framed as effectively and more expeditiously by discovery under Rules 26, 33 or 36, or by a pre-trial conference under Rule 16. Similar considerations have moved the courts in many cases to decline to order bills of particulars. * * * Where the only purpose of the motion is the avoidance of surprise at the trial, the court should deny the motion and let the defendant seek the facts by discovery." pp. 804–805. See Holtzoff, *"Instruments of Discovery under Federal Rules of Civil Procedure"*, 41 Michigan Law Review, p. 205.

James A. Pike and John W. Willis in an article entitled *"Federal Discovery in Operation"*, 7 University of Chicago Law Review, stated at p. 297: "To follow an analysis one of us recently adopted, any system of procedure preparatory to trial has three objects: (1) notice-giving—informing the parties of the general nature of the claims or defences to be litigated; (2) issue-formulation—narrowing the matters in dispute between the parties in order to simplify the trial; and (3) fact-revelation—making it possible for the par-

ties to be familiar before trial with the facts relevant to the case. Under common-law procedure, and to some extent under the codes, the burden of performing the three functions fell almost entirely upon pleadings—indeed a faltering workman for the performance of such great task. The new Federal Rules of Civil Procedure have supplied pleading with two husky help-mates: the pre-trial hearing under Rule 16 bears much of the burden of issue-formulation; and the discovery procedure under Rules 26 to 37, in addition to aiding in issue-formation, bears most of the burden of fact-revelation. Thus notice-giving is the only task which pleading must execute alone. This makes possible a more generalized form of statement than was heretofore appropriate. As pleadings have become less significant in the pre-trial picture, objections thereto, designed to polish them to perfection, have been viewed with less favor."

The various instruments accorded by the present Rules afford a simple and effective way by means of deposition, discovery, admissions and pre-trial hearings, to effectively formulate the issues for the trial, and, furthermore, to reveal the facts. In enlarging the instruments of discovery as a means of limiting the issues, the Rules intended to make the pleadings more simple and brief, i. e., a notice giving device. Discovery under the New York State rules is much more limited than under the Federal Rules, hence state decisions cited by the defendant carry little weight.

Eastman urges that replies should be ordered to facilitate the taking of the depositions. The depositions themselves are a means of formulating the issues, preparatory to trial, the ultimate forum at which the issues, duly narrowed, should be presented. The pleadings should not become cumbersome merely to make the taking of depositions simpler.

■ This Court, therefore, is of the opinion that in the actions before it, it would not be in the interest of "simplicity and brevity" to order the replies to the defenses requested in the moving papers

and that ample means are provided by the Rules as indicated above for the limiting of the issues for trial.

Motions denied.