MASCHMEIJER et al. v. INGRAM et al.
MASCHMEIJER et al. v. A. MASCH-
MEIJER, Jr., Inc.

United States District Court,
S. D. New York.
May 22, 1951.

---

Sullivan & Cromwell, New York City, for plaintiffs, Joseph L. Broderick, New York City, of counsel.

Mitchell, Capron, Marsh, Angulo & Cooney, New York City, for defendants other than Jules O. Vollbehr.

Benjamin A. Walters, New York City, for Jules O. Vollbehr.

McGOHEY, District Judge.

The Court has before it a series of motions in two actions between essentially the same parties. The motions involved in the second action will be considered first. They are plaintiff's motions directed to the answer and defendants' motion to compel a reply to affirmative defenses.

### The Motions Directed to the Answer.

The complaint here asserts six claims or causes of action in an action which plaintiff's memorandum characterizes as one "for unfair competition and breach of the terms of trust and contract upon which defendant A. Maschmeijer, Jr., Inc. held the trade secrets and processes which had been entrusted to it by the Dutch partnership."

Plaintiff moves under Fed.Rules Civ. Proc. rule 12(f), 28 U.S.C.A., to strike for insufficiency the first four affirmative defenses and the two counterclaims.

■ "Motions to strike out are not to be freely granted * * *, and no deletions will be made unless it is clear that the allegations are without the issues * * *. Moreover, the movant should show that he will be prejudiced if the attacked allegations are left in the pleadings. * * * Finally, a motion to strike a defense will be denied if the defense presents a bona fide question of law or fact which should be heard on its merits. * * *"[1] "If the allegations attacked are such that under some contingency they may raise relevant issues, they will not be stricken. * * *"[2]

■ The first defense pleads laches. Under New York law the availability of that defense depends upon whether the plaintiff has an absolute right to the relief sought or whether he seeks to invoke the favor or discretion of a court of equity. It is only in the latter case that laches constitute a sufficient defense.[3]

■■ Merely to state the law of New York is to demonstrate that in an action for unfair competition, breach of trust and contract a defense of laches may raise relevant issues. The defense here is based upon the fact that the action was not brought until after the death of the president of the two defendant corporations who is alleged to have been the only one familiar with the transactions involved in the action. Failure to assert a claim until after the death of a witness and the resultant difficulty of proof may in appropriate circumstances constitute laches.[4] Consequently, the motion to strike the first defense is denied.

The second defense pleads accord and satisfaction and is conceded by defendants'

1. American Machine & Metals, Inc., v. De Bothezat Impeller Co., D.C.S.D.N.Y., 8 F.R.D. 306, 308.

2. Forstmann Woolen Co. v. Murray Sices Corp., D.C.S.D.N.Y., 10 F.R.D. 367, 369.

3. Feldman v. Metropolitan Life Ins. Co., 259 App.Div. 123, 18 N.Y.S.2d 285; Bata v. Chase Safe Deposit Co., Sup., 99 N.Y.S.2d 535.

4. Kellogg v. Kellogg, 169 App.Div. 395, 155 N.Y.S. 310, affirmed 224 N.Y. 597, 121 N.E. 874; United States v. Stinson, 7 Cir., 125 F. 907, affirmed 197 U.S. 200, 25 S.Ct. 426, 49 L.Ed. 724; Carnahan v. Peabody, D.C.S.D.N.Y., 31 F.2d 311, affirmed 2 Cir., 36 F.2d 1019.

counsel to be directed to the third, fourth, fifth and sixth causes although the answer itself does not so limit it. This defense is based upon a release dated January 8, 1938. Plaintiff asserts that the defense is partial because it can have effect neither with respect to transactions about which it had no knowledge when the release was executed nor with respect to the transactions alleged in the four causes to have occurred subsequent to the release. From this it argues that the defense is bad and should be stricken because it is not a complete plea in bar—because it "professes to answer an entire count and answers only a part thereof."

■ The cases cited in support of this proposition[5] were decided between 1901 and 1911. There is no indication that the technical niceties there enshrined were carried over and embodied in the Federal Rules of Civil Procedure which were designed to liberalize pleadings and are to be liberally construed. In the absence of clear authority supporting plaintiff's contention, the motion to strike this defense is denied.[6]

The third defense pleads estoppel. It raises the issue—certainly, a relevant one—of the extent to which performance of the 1937 contract by plaintiff was a condition to the obligations of the defendants. Plaintiff's argument that the defense is insufficient as not being a complete plea in bar has already been rejected. The motion to strike this defense is accordingly denied.

■ The fourth defense pleads that the agreements pleaded in all six causes of action "were and are illegal, contrary to public policy and void" as restraints on trade. Whether or not the restrictions contained in the agreements are bad as restraints on trade depends upon whether or not they are reasonable.[7] The defense raises the issue of reasonableness which cannot be determined on the pleadings. Consequently, the motion to strike the fourth defense is denied.

■ The motion to strike the first counterclaim is denied.[8] Plaintiff's objection to the failure to allege compliance with the contract has been remedied by amendment. For the purposes of this motion the allegations sufficiently support a claim for discovery, accounting and damages.

The motion to strike the second counterclaim is denied. Defendant's failure to allege inadequacy of its legal remedy has been remedied by amendment. Determination of its claim for a permanent injunction cannot be made until all the facts have been developed at the trial.

Plaintiff's alternative motions directed to the first four affirmative defenses are denied. Defendants have stated the causes of action to which the defenses are directed and the defendants on whose behalf they are pleaded. The allegations are within the issues and although they may not be precisely called concise there is no showing that plaintiff will be prejudiced by their retention.[9]

■ The two counterclaims are stated clearly enough to enable plaintiff to prepare a responsive pleading. Accordingly, the motions directed against the counterclaims will be denied.

5. Metropolitan Trust Co. v. Toledo, St. L. & K. C. R. Co., C.C. (D.Ind., 107 F. 628; Knickerbocker Trust Co. v. Coyle, C.C.D.N.J.) 139 F. 792; Browning, King & Co. v. Terwilliger, 144 App.Div. 516, 129 N.Y.S. 431.

6. See American Machine & Metals, Inc. v. De Bothezat Impeller Co., note 1 supra; Forstmann Woolen Co. v. Murray Sices Corp., note 2 supra.

7. Dr. Miles Medical Co. v. John D. Park & Sons Co., 220 U.S. 373, 406, 31 S.Ct. 376, 55 L.Ed. 502; Fowle v. Park, 131 U.S. 88, 9 S.Ct. 658, 33 L.Ed. 67; United States v. Timken Roller Bearing Co., D.C.N.D.Ohio, 83 F.Supp. 284, 309.

8. Although the motions directed against the counterclaims are said by plaintiff to be brought under Rule 12(d) and (f), they will be treated as having been brought under the proper rule, namely, as motions to dismiss for failure to state claims upon which relief can be granted under Rule 12(b) (6).

9. See American Machine & Metals, Inc., v. De Bothezat Impeller Co., note 1 supra; Forstmann Woolen Co. v. Murray Sices Corp., note 2 supra.

Finally, the motion to strike Exhibits "A", "B", "C" and "D" will be denied. They comprise the basic agreements between the parties and clearly are neither redundant nor immaterial.

### The Motion to Compel a Reply.

■ Defendants' motion for an order directing plaintiff to reply to the first four affirmative defenses is denied. The motions to strike the counterclaims have been denied, and, as defendants' reply memorandum admits, "plaintiff must reply to the counterclaims and this will satisfy the requirements of the situation." This plus the availability of the procedures under Rules 16 and 26–37 obviates any need to resort to the discretionary relief requested.[10]

### The First Action—Motion to Amend Answer.

This is a motion to amend the answer in the action which was commenced December 31, 1948. The complaint was served January 3, 1949, and defendant's answer was served March 4, 1949.

■ Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Plaintiffs' position is that justice requires that the motion be denied because it is not timely made, and it cannot be denied that two years is a long time to wait before seeking to amend. It seems to me, however, that defendant's delay is not the sole controlling factor. It should not be permitted to defeat the policy of liberality in permitting amendment unless it will have prejudiced the plaintiff in some way.

To permit the proposed amendments here would not work such prejudice. The first amendment would add to the allegation of paragraph 22 that the partnership party to the contract of 1937 ceased to do business with or through the defendant the further allegation that the defendant ceased to do business with or through the partnership. This amendment would conform the pleading to the testimony given by defendant's Vice-President in his examination before trial. This does not seem to me to constitute the "substantial change" in the defense that plaintiffs' counsel asserts it to be, and I can see no prejudice in allowing the amendment.

The next amendment seeks merely to strike the Second Counterclaim. No reason has been advanced to show how withdrawal of this counterclaim will be prejudicial. Consequently, this amendment will be allowed.

Finally, defendant seeks to add a new Second Counterclaim and to amend the prayer for relief to reflect the changes in the counterclaims. The proposed counterclaim—a compulsory counterclaim under Rule 13(a)—incorporates by reference paragraphs 17 through 21 of the First Affirmative Defense and 26 of the Second Affirmative Defense. There is one additional paragraph which states a claim for relief based upon the factual allegations of the preceding paragraphs.

■ Here, again, it is difficult to see prejudice to plaintiffs in allowing the amendment. In the words of plaintiffs' counsel, "This proposed amendment in effect recasts the allegations of the second defense into the form of a counterclaim." No new facts are alleged. There is no element of surprise, but at most only a new theory upon which defendant asks for affirmative relief. And this theory is based upon allegations of which plaintiffs have had ample notice. Plaintiffs' counsel has stated, moreover, that in the examination of defendant's Vice-President particular attention was paid to the facts underlying the defense of which paragraphs 17 through 21 were a part. Accordingly, the motion to amend is granted.

### The Motion to Consolidate.

In both actions the parties on each side are for all practical purposes the same. In the first action plaintiffs seek to compel defendant to transfer to their names 100 shares of stock now registered on defendant's books in the name of plaintiffs' alleged predecessor partnership. This claim

---

10. See Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., D.C.S.D.N.Y., 10 F.R.D. 39.

for relief is based on the provisions of defendant's certificate of incorporation—"the contract existing between the Corporation and its stockholders, including these plaintiffs, and * * * the laws of the State of New York." (Complaint, par. 8). Plaintiffs also seek to recover alleged unpaid dividends on this stock. The answer as permitted to be amended denies that plaintiffs have any interest in the stock and alleges two affirmative defenses and two counterclaims based on the provisions of paragraph 9(e) of its certificate of incorporation. Two other affirmative defenses plead laches and a Netherlands Government Foreign Exchange Control decree.

The second action is for unfair competition, breach of contract and trust. The answer pleads affirmative defenses of laches, accord and satisfaction, estoppel, restraint of trade and statutes of limitations. The first counterclaim seeks discovery, accounting and damages for alleged breach of the 1937 agreement. The second counterclaim seeks an injunction against further suits.

Rule 42(a) provides that "When actions involving a common question of law or fact are pending before the court * * * it may order all the actions consolidated * * *." A comparison of the actions here reveals that while the first is concerned with the determination of ownership of the stock and is dependent upon the provisions of defendant's certificate of incorporation, the second fundamentally involves the construction and validity of the 1937 and 1933 contracts between the parties. The only common question is raised by the affirmative defense of laches pleaded in each answer.

It seems to me that the existence of this common question is not a strong enough reason for consolidating these actions. The first case was commenced December 31, 1948, and after two adjournments is now at the head of the calendar for May 31. Plaintiffs have an interest in the prompt determination of their claim to ownership of the stock—a claim in no way involved in the second action. Impairment of that interest by the delay entailed by consolidation would not be outweighed by whatever advantages might accrue from a single trial upon the issue of laches. The motion to consolidate is accordingly denied.

Settle order in conformity with this opinion.