**MOVIECOLOR LIMITED, Plaintiff,**

**v.**

**EASTMAN KODAK COMPANY, Technicolor, Inc. and Technicolor Motion Picture Corporation, Defendants.**

United States District Court
S. D. New York.
June 30, 1959.

**326**

Cooper, Ostrin & DeVarco, New York City, for plaintiff. Herman E. Cooper, New York City, of counsel.

Fulton, Walter & Halley, New York City, for defendants Technicolor, Inc. and Technicolor Motion Picture Corporation. Hugh Fulton, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, Nixon, Hargrave, Devans & Dey, Rochester, N. Y., for defendant Eastman Kodak Co. James R. Withrow, Jr., New York City, Arthur L. Stern, Rochester, N. Y., of counsel.

HERLANDS, District Judge.

Whether plaintiff should be ordered to reply to the answer [F.R.Civ.P. rule 7(a), 28 U.S.C.A.] is the question posed by defendants' motions. Rule 7(a) confers upon the court the discretionary power to "order a reply to an answer."

The criteria for determining whether the court should grant or deny a motion to compel a reply have been described by commentators. Moore's Federal Practice (2d ed.) vol. 2, p. 1508; Note, 5 Fed. Rules Serv. 7a.222 (1942) at p. 803 ff.

The decisions represent not only pragmatic judgments based on the facts of the particular case but also expressions of adherence to fundamental principles of federal pleading and practice.

The courts recognize (1) that there is an essential difference in function between pleadings and pre-trial discovery and inspection; (2) that pleadings should be simple and brief, and should normally be limited to a complaint and an answer; (3) that a reply to an affirmative defense should not be ordered unless there is a clear and convincing factual showing of necessity or other extraordinary circumstances of a compelling nature; (4) that a reply is not to be utilized as a substitute for discovery and inspection [F.R.Civ.P. rules 26 et seq.] or for a pre-trial hearing [F.R.Civ.P. rule 16].

In the following cases, a reply to an answer has been ordered: Columbia Pictures Corporation v. Rogers, D.C.S.D. W.Va.1949, 81 F.Supp. 580, 584–585; Bankers Bond & Mortgage Co. v. Witherow, D.C.E.D.Pa.1940, 1 F.R.D. 197; Mason v. New York Central R. Co., D.C. W.D.N.Y.1949, 8 F.R.D. 637; Mosher v. Snyder & Swanson, Inc., D.C.W.D.Pa. 1948, 8 F.R.D. 100.

In the following cases, a motion to compel a reply has been denied: Keller-Dorian Colorfilm Corporation v. Eastman Kodak Co., D.C.S.D.N.Y.1950, 10 F.R.D. 39; Maschmeijer v. Ingram, D.C.S.D. N.Y.1951, 97 F.Supp. 639; Mission Ap-

pliance Corporation v. Ajax Thermostatic Controls Co., D.C.N.D.Ohio 1948, 8 F.R.D. 588; Johnson v. Metropolitan Life Ins. Co., D.C.M.D.Pa.1945, 4 F.R.D. 294; Von Mailath v. Order of Daughters of Divine Redeemer, D.C.W.D.Pa.1950, 10 F.R.D. 420; Cramer v. Aluminum Cooking Utensil Co., D.C.W.D.Pa.1941, 1 F.R.D. 741; Monk v. United Life & Accident Ins. Co., D.C.E.D.Pa.1942, 2 F.R.D. 372.

With the foregoing decisions as a frame of reference, we turn to a consideration of the facts in the present case.

The action is for treble damages ($75,-000,000.) under the antitrust laws. The complaint (filed on January 22, 1959) alleges that plaintiff, an English corporation, was organized in 1929 to manufacture, sell, use and otherwise exploit in all parts of the world, film and other things produced according to or forming part of a method of color photography known as the Keller-Dorian process.

The complaint asserts that defendants, in violation of the antitrust laws, have destroyed plaintiff as a business enterprise by various wrongful acts of combination and conspiracy to restrain and monopolize trade and commerce in the business of color still and color motion picture photography.

The complaint charges that defendants have suppressed and sabotaged use and development of the Keller-Dorian process and promoted in its stead other processes such as the Technicolor process, over which they have been able to exercise exclusive domination and control, and from which they have extracted vast profits. As a result of defendants' allegedly wrongful acts, plaintiff is said to be insolvent today and in the process of being liquidated.

Both answers (served May 14, 1959) contain a general denial and an almost identical set of separate and complete defenses; nineteen in number in the Eastman answer, and eighteen in the Technicolor answer. In addition, there are three separate and partial defenses. All of these defenses are based largely on various statutes of limitations and *res judicata*.

In preparation for motions to dismiss on the basis of these defenses, Eastman noticed the examination of plaintiff commencing with its chief executive officer and managing agent.

Plaintiff's counsel opposed the proposed examination on the grounds that plaintiff "has no place of business, no officers, executive, managing agents, employees"; that "most of plaintiff's papers were destroyed by bombing during World War II"; and that plaintiff's liquidator, a Mr. Ortmans, allegedly the "only person presently with an official position" with plaintiff "has no direct personal knowledge of the facts of this case."

In addition to pleading that such examinations would be useless, plaintiff's counsel also asserted that plaintiff was completely insolvent and unable to bear the expense of examinations in New York.

Under such circumstances, plaintiff's counsel urged that plaintiff be accorded priority of examination and defendants be relegated to proceeding with their discovery by written interrogatories.

Judge Sugarman refused to upset the priority established by Eastman's notice of examination and authorized defendants to proceed with the examination of plaintiff commencing with the liquidator, Mr. Ortmans, subject, however, to the proviso that defendants pay Mr. Ortmans' transportation to the United States and reasonable sustenance while he is detained for such examination. See Judge Sugarman's memorandum decision filed April 24, 1959, (attached to the opposing affidavit as Exhibit "B.")

As stated in the opposing affidavit, "all visible signs indicate that defendants are about to embark on extensive efforts at discovery, in which all opportunities available under the Rules will be utilized to the fullest." (See opposing affidavit

**328**

of Herman E. Cooper, paragraphs "15" to "21," and "26.")

 While events may substantiate defendants' fears as to the efficacy of their impending pre-trial discovery proceedings, the present factual record is not adequate to warrant this court's departure from the general rule. Most of defendants' statements are conclusory and argumentative; and do not measure up to the criteria controlling the motions at bar. At this time, it would be premature and speculative to accept the futility of defendants' pre-trial discovery proceedings as a working premise.

In view of the foregoing, the defendants' motions are denied but without prejudice to defendants' right to renew, if so advised, upon the completion of all pre-trial discovery proceedings.

This decision constitutes an order.