**MONK v. UNITED LIFE & ACCIDENT INS. CO. OF CONCORD, N. H.**

Civil Action No. 2314.

District Court, E. D. Pennsylvania.

June 9, 1942.

Herman Eisenberg, of Philadelphia, Pa., for plaintiff.

Ira Jewell Williams and Charles M. Willits, both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This action was brought to recover total disability benefits under the terms of an insurance policy and to compel the return of premiums paid by the plaintiff after the alleged disability began. The action was instituted in the Court of Common Pleas of Philadelphia County. After the plaintiff had filed a statement of claim, the case was removed upon petition of the defendant to this court. Defendant thereupon filed an answer in which it set up "New Matter". At the time of filing this answer defendant presented to me an order requiring plaintiff to file a reply to the New Matter within twenty days of the date of service of the answer, which order I signed ex parte. Plaintiff thereupon filed the present motion to strike the New Matter from the defendant's answer on the ground that it merely repeats certain allegations of the answer which deny corresponding paragraphs of plaintiff's statement of claim and, therefore, serves no purpose as a pleading.

There is no challenge of the power of the District Court to order a reply to an answer under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Rule 7(a) provides: "Pleadings. There shall be a complaint and an answer; and there shall be a reply, if the answer contains a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if leave is given under Rule 14 to summon a person who was not an original party; and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

The sole question is whether the ex parte order made by me was proper under the circumstances of this case. Since the function of pleadings, particularly under the Federal Rules of Civil Procedure, is to create the issues of the case, it is clear that if these issues are created by the complaint and answer, there is no need for additional pleadings.

The New Matter in this case consists of three paragraphs. The first sets forth verbatim a clause of the policy of insurance which provides that disability is compensable thereunder only if it occurs before the insured becomes sixty years of age. The second and third allege that plaintiff was over sixty years at the time the claimed disability occurred, and that no proof of claim was filed in accordance with the method and within the time limit provided for in the policy.

The policy of insurance is attached as an exhibit to the statement of claim, so that no contribution is made by setting up in New Matter a particular clause thereof. The statement of claim alleges that

prior to plaintiff's becoming sixty years of age he became totally disabled, and it further alleges that due proof of claim in accordance with the terms of the policy was filed with the defendant. These allegations are denied at considerable length in the corresponding paragraphs of the defendant's answer, so that they are squarely at issue. Accordingly, there is no reason why defendant should in the form of New Matter reiterate even more elaborately the defenses which it has raised to plaintiff's claim and require the plaintiff to reassert the allegations of his statement of claim by way of a Reply.

Since the New Matter set forth in the defendant's answer creates no new issues, it may be deemed surplusage or an elaboration of the defenses raised in the earlier paragraphs of the answer. No purpose would be served by the filing of a Reply and my order that a Reply be filed to the New Matter set up in defendant's answer is hereby rescinded and vacated.

Accordingly, the case is now at issue.