## BICKART v. UNION BARGE LINE CORPORATION.

Civ. A. No. 6222.

District Court, W. D. Pennsylvania.

Feb. 28, 1947.

Hymen Schlesinger (of Schlesinger & Schlesinger), of Pittsburgh, Pa., for plaintiff.

John R. Bredin (of Dalzell, McFall, Pringle & Bredin), of Pittsburgh, Pa., for ·defendant.

GOURLEY, District Judge.

In this case the plaintiff claims damages for injuries alleged to have been sustained on either October 1 or 2, 1945, when he was injured while working as a member of the crew on the Steamer J. D. Ayres.

The action is brought under the provisions of the Merchant Marine Act of 1920, 46 U.S.C.A. § 688, known as the Jones Act, and under the admiralty and maritime laws of the United States.

The defendant filed its answer pleading therein, under the heading "Fifth Defense", that the plaintiff made and executed a release for all claims made by him in this action. That said release was made and delivered on September 18, 1946, upon payment to the plaintiff by the defendant of the sum of $1,400, and that said release was fairly made with and was fully comprehended by the plaintiff.

The defendant contends that said defense of payment and release in full constitute New Matter and an affirmative defense by reason of the fact that the plaintiff, in his complaint, has disregarded said release and failed to make mention thereof.

The defendant prays that the Court require the plaintiff to file a reply to said part of the answer of the defendant.

The Rules of Civil Procedure require that "An application to the court for an order shall be by motion * * *." Rule 7(b) (1), 28 U.S.C.A. following section 723c.

Rule 7(a) of the Rules of Civil Procedure limits pleadings to the complaint and answer except that, if there is a counterclaim in the answer, a reply must be filed and the court may order a reply in cases generally.

Under the Federal Rules of Civil Procedure, the function of pleadings is to create the issues, and, if the issues are created by the complaint and answer, there is no need for additional pleadings. Monk v. United Life & Accident Insurance Co., D.C., 2 F.R.D. 372; Johnson v. Metropolitan Life Insurance Co., D.C., 4 F.R.D. 294.

Furthermore the office or purpose of a pleading is to state ultimate facts and not evidence of such facts. Southern Pac. Co. v. Conway, 9 Cir., 115 F.2d 746, 750.

If this proceeding at the time of trial were governed by the law of Pennsylvania, as to the measure of proof which is required before the release executed by the plaintiff could be set aside, I would be aware of the propriety of granting the relief requested by the defendant.

I make this comment for the reason that under the law of Pennsylvania one who attacks the validity of his release has the burden of sustaining his allegation by "clear, precise and indubitable evidence", meaning evidence that is not only found to be credible but of such weight and directness as to make out the facts alleged beyond a reasonable doubt. However, a seaman who is confronted with a release in an action under the Jones Act, and under the admiralty and maritime laws of the United States, has no such burden imposed upon him as that to which the Pennsylvania law subjects him. Such releases are subject to careful scrutiny. Where a defendant claims that a seaman had signed away his rights to what in law are due him, said defendant must be prepared to take the burden of sustaining the release as fairly made with and fully comprehended by the seaman. It is, therefore, the burden of the defendant in view of the affirmative defense which has been set forth in the answer to show that said release was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights. Garrett v. Moore-McCormack Co., 317 U.S. 239, 248, 63 S.Ct. 246, 87 L.Ed. 239; Harmon v. United States, 5 Cir., 59 F.2d 372, 373; The Adonis, 3 Cir., 38 F.2d 743; Ricketts

v. Pennsylvania R. Co., 2 Cir., 153 F.2d 757.

Under the circumstances I believe that the issues are clearly created by the complaint and answer, and I do not believe there is any need for additional pleadings. The defendant's motion to compel a reply is, therefore, denied.