UNITED STATES of America,
Plaintiff,

v.

John G. BRADT, Defendant.

Civ. No. 66–641–TC.

United States District Court
C. D. California.

March 8, 1968.

Wm. Matthew Byrne, Jr., U. S. Atty. for Central Dist. of Cal., by Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Div., and William P. Lamb, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Best, Best & Krieger, by Donald F. Zimmer, Riverside, Cal., for defendant.

## MEMORANDUM OPINION

THURMOND CLARKE, Chief Judge.

This action arises out of a contract under which defendant was to perform custodial services for plaintiff in hospital buildings at March Air Force Base, California.

The Government terminated the agreement because of defendant's alleged failure to carry out the contract requirements. The Armed Services Board of Contract Appeals held the termination proper, and further determined the Government was entitled to recover reprocurement costs from defendant.

The Government has brought this action for breach of contract, and defendant has counterclaimed on the ground the contract was terminated without just cause.

The parties have by stipulation submitted the following legal issues to the court for determination pursuant to Rule 16, F.R.Civ.P.:

"(1) Has the plaintiff, United States of America, waived the defense to defendant's counterclaim (a) that an administrative determination by the Armed Services Board of Contract Appeals * * * is binding upon defendant; (b) that defendant failed to exhaust administrative remedies before asserting his counterclaim in this court; (c) that this court lacks subject matter jurisdiction to grant affirmative relief on defendant's counterclaim?

"(2) Was the above decision of the Armed Services Board of Contract Appeals (a) arbitrary, (b) capricious, (c) grossly erroneous, (d) not supported by substantial evidence, or (e) obtained through a denial of due process of law?"

The foregoing issues will be discussed seriatim.

 The question of finality of the administrative determination of the Armed Services Board of Contract Appeals is sufficiently placed in issue by plaintiff's complaint and defendant's answer. Failure to plead the matter again in the reply to the counterclaim is not a waiver thereof. Cf. Flynn v. Vevelstad, 119 F.Supp. 93, 14 Alaska 93 (1954), aff'd 230 F.2d 695, 16 Alaska 83 (9th Cir. 1956), cert. denied 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49 (1956) ; Monk v. United Life & Accident Ins. Co., 2 F.R.D. 372 (E.D.Pa.1942).

Defendant next raises the question whether the Government has waived the defense of failure to exhaust administrative remedies.

 In this Circuit, exhaustion of administrative remedies is viewed as more than a condition precedent to bringing action; it goes to the very jurisdiction of the court. Hills v. Eisenhart, 156 F. Supp. 902 (N.D.Calif.1957), aff'd 256 F.2d 609 (9th Cir.1958), cert. denied 358 U.S. 832, 79 S.Ct. 53, 3 L.Ed.2d 70 (1958). The issue being one of subject matter jurisdiction, it may be raised at any time.

 Defendant's third contention, that the Government has waived objection to subject matter jurisdiction, is without merit. Such a defense cannot effectively be waived.

 The court has reviewed in detail the record and the transcripts of the hearing before the Armed Services Board of Contract Appeals. It finds no support for defendant's contention that the decision of the Board was arbitrary or otherwise defective in any of the particulars set out in the stipulation of the parties.