**UNITED STATES of America,
Plaintiff,**

v.

**John G. BRADT, Defendant.**

**Civ. No. 66–641.**

United States District Court
C. D. California.

Aug. 26, 1968.

Wm. Matthew Byrne, Jr., U. S. Atty. for the Central District of California, by Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civil Division, and Wil-

---

liam P. Lamb, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Best, Best & Krieger, by Donald F. Zimmer, Riverside, Cal., for defendant.

## OPINION

THURMOND CLARKE, Chief Judge.

This is a complaint for money, arising out of defendant's alleged breach of a contract to perform custodial services in hospital buildings at March Air Force Base, California. The Government terminated the contract, and the Armed Services Board of Contract Appeals held the termination was proper. It further held the United States was entitled to recover reprocurement costs from defendant. The Government brought this action for reprocurement costs; defendant counterclaimed on the ground the contract was improperly terminated.

The parties previously submitted to the court a series of questions of law which the court determined in its Memorandum Opinion of March 8, 1968 (D.C., 280 F.Supp. 858).

The question presently before the court is whether, as alleged in defendant's answer and counterclaim, "the record below clearly establishes connivance by the Government's agents to deprive Defendant of his rights pursuant to said contract."

The Government first requested that a hearing before the Armed Services Board of Contract Appeals be set for July 31, 1963. Defendant's attorney notified the Government he would then be engaged in trial of a criminal case of approximately three days duration. The Government informed the attorney that testimony would not be taken July 31, and that a new hearing date would be scheduled, convenient to both parties.

The morning of August 1, 1963, defendant's attorney was notified testimony would be taken at 3 p.m. that same day. Again the attorney stated he could not be present. The Government nevertheless proceeded with presentation of its case before the Board. Testimony was taken without the presence of either the defendant or his attorney.

Further hearings were conducted February 13, 14, and 17, 1964, at which times defendant was no longer represented by counsel but appeared in his own behalf. A friend, Carlyle H. Nelson, accompanied him and took part in the hearings. Neither the defendant nor Mr. Nelson is an attorney. Defendant was suffering from an acute throat condition and from laryngitis. Several times during the hearings, defendant lost his voice and was unable to continue the questioning.

Evidence before the court indicates the Board insisted on going forward with the hearing because its members would be in Los Angeles only for a limited time, and because they wished to take testimony of a key witness who was nearing retirement and would not be easily available at a later date.

■ The requirement of fair trial is binding on administrative agencies as well as on the courts. Powhatan Mining Co. v. Ickes, 118 F.2d 105 (6th Cir. 1941).

■ Use of the administrative process assumes due notice, proper opportunity to be heard, and findings based upon the evidence. The court finds that reception of evidence, out of presence of defendant and without sufficient notice to him or his attorney, deprived defendant of a fair hearing. Brown-Pacific-Maxon Company v. Toner, 255 F.2d 611 (7th Cir. 1958); National Labor Relations Board v. Prettyman, 117 F.2d 786 (6th Cir. 1941).

■ The court does not characterize the Board's action herein as "connivance"; but it does find the proceeding was lacking in the fundamental fairness required by the standards of due process of law.

The cause is remanded to the Board for further proceedings consistent herewith.